DANIEL MCDONNELL AND JAMES H. TAYLOR V. ROYAL J. FORD.

*Evidence—Custom—Partnership—Charge to jury.*

1. Evidence of a custom among contractors and builders to charge, for each man working on a job taken by the day, an advance over the price paid him by the contractor, is held admissible in this case, it appearing that the men were general employés of the contractors, and that their labor was worth the price charged therefor.

2. In a suit by a firm composed of two members to recover a balance due on a building contract, it appeared that the defendant contracted entirely with one partner, but that all of the bills were rendered to him in the firm name. And it is held that a request for an instruction that, before the plaintiffs could recover, the jury must be satisfied that the defendant contracted with the *firm*, was properly refused.

3. In a suit upon a building contract the plaintiffs claimed that they were to furnish and pay the men, who were to work by the day, and they added 25 to 50 cents per day for each man's work above the *per diem* actually paid them. The defendant contested plaintiffs' extra charge, and also claimed to recover pay for carrying the men to and from their work. And it is held that the jury was properly instructed that, if they deducted plaintiffs' extra charge from their bill, they should also reject that of the defendant.

4. Where the uncontradicted testimony shows the payment by the plaintiffs of a certain sum of money for the benefit of the defendant at his request, it is not error for the court to state such fact to the jury.

Error to Wayne. (Brevoort, J.) Argued June 20, 1891. Decided July 28, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*James H. Pound,* for appellant.

*James H. McDonald,* for plaintiffs.

LONG, J.   This is an action of *assumpsit* brought in the Wayne circuit court.   Upon the trial before the court and jury, plaintiffs had verdict and judgment for $225.   Defendant brings error.

The plaintiffs sued for a balance of account due them for labor and materials furnished defendant in building a house.   Their claim was that they first prepared two plans for the house.   The first plan drawn was not used, but was paid for by the defendant, less $5.   The house was built in accordance with the second plan.   The plaintiffs' claim upon the trial was that, after the second plans were drawn, the defendant let the contract for the mason-work to Putnam & Clark;  that, after this contract was let, defendant turned to plaintiff McDonnell, with whom the whole arrangement had been made, and said:

"You can do the carpenter work by days' work, and then, if I want to make any changes, I can make them without any figuring or alterations of the contract, and if I want to leave any part of the house unfinished, I can do so."

That under this arrangement plaintiffs were to furnish the men by the day;  that plaintiffs were contractors, which defendant well knew, having a large number of men under their control and in their employ, who were immediately set to work upon defendant's house;  that during the erection of the house they furnished to defendant materials which they had in stock at their own shop, and also purchased and paid for lumber and other materials at other shops;  that defendant made payments from time to time, so that when the house was built he was indebted to them nearly $500, $200 of which was paid by the defendant in the December following. The plaintiffs, in making their bill against the defendant, charged therein from 25 cents to 50 cents per day,

upon each man employed upon the work, more than these contractors actually paid to the men. The controversy in this case grows largely out of this charge, though some contention is made over a bill of materials purchased and paid for by the plaintiffs at the mill of Baker & Shefferly.

The plaintiffs, to prove their case, gave testimony upon the trial tending to show that they were contractors, and that it was the custom of contractors and builders where jobs were taken by the day to charge, for each man engaged, something more than the contractor and builder paid to the men; that the services of the men were worth all that was paid for them; and that they actually procured the materials used in the building at the defendant's request, and paid the men, which was charged to the defendant.

The defendant's claim was that, when the arrangement was made by which the plaintiffs were to do the work by the day, it was made solely with Daniel McDonnell, and he knew nothing of his having a partner, and that Taylor had no concern in it; that he proposed to McDonnell to pay the men himself that he had sent there to work, to which McDonnell demurred, and said he could get better work out of the men by paying them himself, and that defendant said that it was immaterial which way they did, so long as the men got their pay.

There was no dispute upon the trial but that the work was satisfactorily done, and no contention but that McDonnell paid for the material that he charged up to the defendant; though defendant contended he should have a bill of particulars of the items procured from Baker & Shefferly, which was never furnished him. Mr. McDonnell explains this by saying that he presented the bill for material which he wanted to Baker & Shefferly, got their prices, and then made a contract with them at

the lowest price by taking the whole quantity at a job lot; that he left the bill with Baker & Shefferly, and could not produce it to the defendant, but offered to take the defendant to their shop, and have the matter explained by them, and defendant refused to go.

Defendant upon the trial claimed some set-offs, which were referred to by the court in its general charge to the jury.

The court in its charge to the jury directed them, if they found under the evidence that there was no agreement as to the price at which the labor was to be supplied, the plaintiffs would be entitled to charge such additional sum for their profit on the men as is customary and reasonable; but that if they believed the defendant's theory, that he spoke to McDonnell about paying the men himself, and McDonnell said that he could get more work out of the men by paying them himself, or gave the defendant to understand that he would not charge him therefor, then he could not recover for that.

The assignments of error relate to the rulings of the court in admitting certain evidence upon the trial, the refusal of the court to charge as requested by the defendant, the giving of the plaintiffs' requests to charge, and in charging the jury that the Baker & Shefferly bill had been paid by the plaintiffs.

The first contention in brief of defendant's counsel is that the court was in error in permitting the counsel for the plaintiffs to ask the following question:

"Do you know whether there was any denial of this paper in justice's court by Mr. Ford?"

The paper referred to was the statement of the names of the men who had worked upon defendant's house, and the time each man was employed there. It was a time-bill. It appears that the plaintiff McDonnell did not

keep this bill himself, as he was not present during the whole time the men were employed there. He put his father in charge of the work, who kept the time, and reported it to the plaintiff McDonnell each Saturday night. It appeared upon the trial that McDonnell's father died before the trial of the case. The action was commenced in justice's court, and appealed to the circuit. This time-bill was put in evidence before the justice's court, and it appears no objection was made to it there. Whether this was true or not, there was no error, under the circumstances, in the court allowing the paper to be put in evidence on the trial in the circuit court. The defendant introduced no evidence, and offered none, showing, or tending to show, that this time-bill was not correctly kept, and the plaintiffs' right of recovery for the extra charge for each man depended upon the length of time or number of days each man was employed; and the plaintiffs had the right to show the number of days, and McDonnell testified that the time-bill was made up each Saturday during the work upon the defendant's house.

The next contention is over the Baker & Shefferly bill. The court permitted this to be put in evidence under defendant's objection. There was no error in this. It represented the exact amount paid by Mr. McDonnell for the defendant, at his request.

The court was not in error in permitting plaintiffs, as a part of their case, to show the custom of contractors and builders in making these extra charges where the contract is by the day.

It appears that, at the close of the testimony, the defendant requested the court to charge the jury that they must believe the defendant contracted with McDonnell & Taylor before plaintiffs could recover. This request the court refused to give. There was no error in this. McDonnell testified that Taylor was his partner

in business, and was sharing with him in this contract. It may be that the defendant did not know that Taylor was a partner with McDonnell, but it appears that, in all bills rendered by the plaintiffs to the defendant, they were rendered in the name of McDonnell & Co.

The defendant, in his bill of items of set-offs, claims pay for carrying the men at work upon his house to and from work. This bill amounts to $107.25. Counsel for defendant contends that he was entitled to the charge that this set-off should be allowed; that it was not merely a matter of set-off, but of payment upon the contract. The court charged the jury that should they deduct this 25 or 50 cents a day on the defendant's work from the plaintiffs' bill, then they should also deduct the amount of defendant's claim for carrying the men. The court was correct in this ruling. If the defendant was to pay the men, and the plaintiffs had no right to recover for this extra charge, then the defendant would have no right to have deducted from plaintiffs' bill the amount charged for carrying the men to and from their work.

The court was not in error in stating to the jury that the Baker & Shefferly bill had been paid by the plaintiffs. The testimony showed, without contradiction, that this bill had been paid by the plaintiffs, and that it was for material purchased by the plaintiffs for the defendant, and at his request.

We find no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.