GEORGE PHILPOTT AND KALMA FRIEDMAN v. ALBERT D. BECHTEL.

*Partnership—Contract by one member of firm—Evidence.*

At the time one member of a firm of newspaper publishers made a contract for advertising, nothing was said about the existence of the partnership. And, in a suit by the firm upon the contract, in which the partnership is established, it is held that the plaintiffs need not prove that the defendant understood, when he made the contract, that plaintiffs were partners.

Error to Saginaw. (Wilber, J.) Submitted on briefs January 23, 1895. Decided February 12, 1895.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Beach & Gavit,* for appellants.

*Crane & Crane,* for defendant.

GRANT, J. Plaintiffs were copartners engaged in publishing a newspaper. Plaintiff Philpott made an agreement with defendant for advertising in the paper. Defendant was a merchant, and it was agreed that Mr. Philpott's bill at his store should be credited on the amount due for advertising. Defendant presented a bill of $29, which was allowed, but left a balance of $19.85, for which this suit was brought. Defendant claimed that the cost of

advertising should not exceed $20. When the agreement was made nothing was said about the copartnership of plaintiffs. The bill was made out and presented in the name of the firm. The court instructed the jury that it was necessary for the plaintiffs, before they could recover, to prove that they were copartners, and it was so understood by defendant.

The instruction was erroneous. A partner, in making contracts, acts as the agent of the copartnership, and suit may be brought in the name of the firm. The partnership was clearly established, and the court should have so instructed the jury. *McDonnell v. Ford*, 87 Mich. 198. The only fact for the determination of the jury was whether the agreement was for $20, as defendant claimed, or whether it was a contract to pay the usual rates, as plaintiffs claimed.

Judgment reversed, and a new trial ordered.

The other Justices concurred.