JOHN E. C. VINCENT vs. THE S. ALEXANDER'S SONS COMPANY.

Third Judicial District, Bridgeport, April Term, 1912.
PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH WHEELER, Js.

In an action against a corporation to recover for services rendered and money advanced, where the defense is that such services were rendered and such payments made for two of the individual stockholders and not for the corporation, a charge that unless the services were performed and the payments made at the request of the defendant it would not be liable, fairly presents the defendant's claim.

Where the complaint, with the bill of particulars, states a good cause of action, and is not demurred to, and no motion in arrest is made, an assignment of error alleging that the court erred in permitting a recovery upon the pleadings, is not well taken.

Errors in the charge should be assigned as such and not as errors of the court "in permitting a recovery."

The president of a mercantile corporation, and in charge of its business, is presumed to have authority to employ the necessary help, and to do all those things ordinarily done by those in charge of such a business. This authority may be given by vote of the directors, or may arise from the fact that such officer has assumed and exercised the power in question under circumstances from which his agency will be implied.

In a suit brought upon the common counts for wages and for money expended, a motion that the complaint be made more specific by stating the arrangement between the parties, the nature and character of the services to be performed, and the time, place, and circumstances of the request to advance the money claimed to have been expended, is addressed to the discretion of the trial court; and error cannot be predicated upon the exercise of that discretion.

The rule requiring that acts done and promises made through a known agent shall be so stated (Practice Book, p. 244, § 144), has no reference to the acts and promises of corporations.

The court, in its discretion, may vary the usual order of testimony and receive evidence of an act alleged to have been done by an agent, before the agency itself has been established by evidence.

A ruling of the court which consists simply of the words "allow it," made upon a motion that testimony be stricken out, fairly indicates that the motion is granted.

Argued April 9th—decided July 19th, 1912.

ACTION upon the common counts for wages, and for money expended at the request of the defendant, brought to the City Court of Meriden and tried to the jury before *Fay, J.;* verdict and judgment for the plaintiff for $92, and appeal by the defendant. No error.

*Cornelius J. Danaher,* for the appellant (defendant).

*Patrick T. O'Brien,* for the appellee (plaintiff).

THAYER, J. The plaintiff claimed to recover from the defendant, a corporation engaged in the clothing business, for three weeks services rendered to the defendant and for $92 for money paid at its request to one Cushing. The main controversy between the parties was whether the services were rendered and the payments made for

the defendant, as stated in the bill of particulars, or were made for two of its stockholders, Sidney A. and Gabriel W. Alexander. The defendant claimed that it did not employ the plaintiff to perform the services, nor to pay Cushing the money paid to him, but that the plaintiff and Cushing were employed by the two stockholders named to sell stock belonging to them individually, and that any liability for the services and payments sued for was upon those stockholders.

The court instructed the jury, in effect, that unless the services were performed and the payments made at the request of the defendant it would not be liable, and that the sale of the stock of the individual stockholders would not be a proper charge against the corporation. This gave the defendant the benefit of its claim in this respect.

The seventh, eighth, ninth, and eleventh assignments of error are that the court erred in permitting a recovery upon the pleadings, in permitting a recovery for advances made for the individual members of the corporation, in permitting a recovery upon the ground of agency, and in permitting a recovery for advances made to Cushing, no services by him being alleged or proven other than sales of stock for individual members of the corporation. None of these are proper assignments of error, unless it be the seventh, and there is no foundation for that. The complaint, with the bill of particulars, states a good cause of action. It was not demurred to, and no motion in arrest of judgment after verdict was made. If the court erroneously permitted the things stated in the other assignments of error, it must have been through errors in the charge, and advantage of any error so committed should have been pointed out by an assignment alleging error in the charge. No complaint is made of the charge in the assignments of error,

The tenth assignment complains of the court's refusal to charge, in effect, that authority to employ the plaintiff could only be conferred by a vote of the directors expressly authorizing it. The two Alexanders constituted a majority of the directors, and Sidney A. Alexander was the president of the corporation in charge of its business. The plaintiff claimed that he was employed by the corporation to serve it, through its president, Sidney A. Alexander, at first by a written contract for six months, and, at the expiration of that term, orally to continue his services. This was a small corporation, consisting of three stockholders, all of whom were directors (the third stockholder being an attorney at law), conducting a clothing business. The president of such a corporation in charge of its business is presumed to have authority to employ the necessary help, and do all those things ordinarily done by the agents and managers of such a business. 4 Thompson on Corporations (Ed. 1895) §§ 4617, 4621; 3 Cook on Corporations, § 716; *Ceeder* v. *Loud & Sons Lumber Co.*, 86 Mich. 541, 544, 49 N. W. 545. The authority may be given by vote of the board of directors, but it may arise from his (the president) having assumed and exercised the power under circumstances from which his agency will be implied. It was not error for the court to refuse the instruction requested.

Whether the more specific statement called for by the defendant's motion should be ordered was a matter within the court's discretion, and error cannot be predicated upon the court's exercise of that discretion.

The remaining exceptions relate to rulings upon questions of evidence. The defendant objected to the plaintiff's evidence tending to show that he and Cushing were employed by the defendant through the agency of Sidney A. Alexander, upon the ground that it was not alleged in the complaint that the employment was

through an agent. The admission of this evidence is claimed to be in violation of § 144 of the Rules under the Practice Act. Practice Book (1908), p. 244. The rule referred to provides that "an act or promise by a principal (other than a corporation), if in fact proceeding from an agent known to the pleader, should be so stated." Corporations always act through agents. They are excepted from the rule requiring that the fact that a contract was made through an agent be stated. The other objections to the testimony of the plaintiff and Cushing related rather to the order than to the relevancy of the testimony. The agency of Sidney A. Alexander to act for the defendant was a fact to be established in order to make the action of the plaintiff and Cushing binding upon the defendant. But it was permissible, if the court saw fit, to receive testimony of what they presumed to do as such agents, before the agency was fully established.

Reher's testimony was clearly irrelevant and inadmissible. It was received at first as "introductory." The record shows that later the defendant's counsel made the following motion: "I move that testimony be striken out, being irrelevant and immaterial, of no consequence." The court, "Allow it." The defendant argues that the motion was disallowed. It is fair to assume from the language used that the jury understood that the motion was granted. We so understand from it. However that may be, the motion correctly describes the evidence as of no consequence. The defendant, under the circumstances of the case, cannot have been harmed by its admission.

There is no error.

In this opinion the other judges concurred.