Atlantic County Circuit Court.

WILLIAM HENRY WILLIS, PLAINTIFF, v. SHORE YELLOW CAB CO., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided February 27, 1946.

For the plaintiff, *John B. Baratta.*

For the defendant, *Albert N. Shahadi* (by *Harry Miller*).

BURLING, C. C. J.    Motion has been made to strike the complaint in the above cause of action on the ground that the same does not set forth a good and sufficient cause of action against the defendant.

The notice of motion violates the rules of practice relating to such a motion in that it does not assign the reasons. *Dunn* v. *Chernewski* (*Supreme Court,* 1924), 101 *N. J. L.* 27; 127 *Atl. Rep.* 338. However, upon the oral argument of the motion, it was addressed to the fact that the complaint charges the defendant as a corporation with actionable negligence and there are no allegations that the negligence of the defendant corporation was a result of the acts of an agent and servant in the course of an employment.

The Practice Act of 1912 is modeled after that of Connecticut. (*Hartshorne's Practice Act* 1912 *Introduction.*) The Practice Act of 1912 (now incorporated in the Revised Statutes, *N. J. S. A.* 2:27–1, *et seq.*) established a system of pleading founded on rules of court. That act prescribed rules of court. These were tentative rules to be effective until modified by the Supreme Court. In 1913 the Supreme Court promulgated permanent rules. These rules, with subsequent amendments, regulate pleadings unless the matter is covered by statutory provisions. (*Bradner New Jersey Law Practice* 97) rule 21 annexed to the Practice Act of 1912 now rule 35 (Supreme Court Rules Revision 1938; *N. J. S. A. tit.* 2) reads as follows:

"Acts and contracts may be stated according to their legal effect, but, in so doing, the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove; thus, *an act* or promise of a principal (*other than a corporation*), if, in fact, proceeding from an agent known to the pleader, should be so stated; and the obligation of a husband to pay for necessaries furnished to his wife, whom he has driven from his house, should be stated according to the facts. (Italics mine.)

Of the Connecticut counterpart of Supreme Court rule 35, the Supreme Court of Errors of Connecticut says, in *Vincent v. S. Alexander Sons Co.* (*Supreme Court of Errors of Connecticut,* 1912), 85 *Conn.* 512; 84 *Atl. Rep.* 84, 85:

"(6) The remaining exceptions relate to rulings upon questions of evidence. The defendant objected to the plaintiff's evidence tending to show that he and Cushing were employed by the defendant through the agency of Sydney A. Alexander, upon the ground that it was not alleged in the complaint that the employment was through an agent. The admission of this evidence is claimed to be in violation of section 144 of the rules under the Practice Act. Practice Book, page 244. The rule referred to provides that 'an act or promise by a principal (other than a corporation) if proceeding from an agent known to the pleader should be so stated.' Corporations always act through agents. They are excepted from the rule requiring that the fact that a contract was made through an agent be stated."

*Tomlin* v. *Hildredth* (*Supreme Court,* 1900), 65 *N. J. L.* 438; 47 *Atl. Rep.* 469, relied upon by the defendant was decided in 1900, and prior to the act of 1912, and its finding must yield thereto.

Though in my opinion its omission would not be a fatal defect, it is unwise to idly raise a point of law when to remove any doubt time-honored phrases may be used. *Hand* v. *Hand* (*Atlantic County Circuit Court,* 1945), 23 *N. J. Mis. R.* 118 (at *p.* 122); 41 *Atl. Rep.* (*2d*) 270. An examination of *Sheen's New Jersey Practice Act, Edition* 1916 and the forms of complaint therein set forth relating to causes of actions instituted after the effective date of the act discloses that in most instances, the action of the corporation through its agent and servant is so alleged. (Pages 391, 419, 447, 485.)

The motion is denied, and appropriate rule may be presented.