ROBERT W. BLAKE ET AL. v.
NEW ENGLAND SURVEY SERVICE, INC.

SUPERIOR COURT      TOLLAND COUNTY ·      FILE NO. 5627

Memorandum filed March 15, 1950.

*Fisk & Lugg,* of Rockville, for the Plaintiffs.

*John B. Lee, Davis, Lee, Howard & Wright, P. Corbin Kohn* and *Schatz, Weinstein, Seltzer & Kenny,* all of Hartford, for the Defendant. ·

KING, J. The plaintiffs sued the defendant New England Survey Service, Inc., hereinafter referred to as Survey Service, as the owner, and the defendant Joseph S. Ullian, as the opera-

tor, of an automobile which collided with one owned and oper-
ated by another defendant, Arthur J. Ricker, in which the
plaintiffs were riding as passengers.

The complaint contained no allegation that Ullian was the
agent of the defendant Survey Service nor that he was then act-
ing in the course and scope of any authority conferred on him
by Survey Service. Indeed it alleged no legal relationship be-
tween Ullian and Survey Service except the ownership of the
automobile by Survey Service and its operation by Ullian.

The defendant Survey Service demurs because of the lack
of any such allegation of legal relationship between itself and
Ullian.

The effect of the statute (General Statutes § 7905) is to make
proof of ownership and operation sufficient, in the absence of
explanatory evidence, to prove actionable agency at the time in
question. Smith v. Furness, 117 Conn. 97, 102; Leitzes v. F. L.
Caulkins Auto Co., 123 Conn. 459, 462. It therefore cannot be
said that no cause of action against the defendant Survey Serv-
ice could be proven under the allegations made, since these suf-
fice to bring the statutory presumption into the case. It follows
that the demurrer must be, and is, overruled. Folwell v. Howell,
117 Conn. 565, 568.

It is true that allegations along the line of those omitted are
essential to a properly drawn complaint. Leitzes v. F. L. Caul-
kins Auto Co., supra, 464. For instance, under the method of
pleading adopted by the plaintiffs, there is no allegation of
agency to be admitted or denied by the defendant Survey Serv-
ice in its answer and consequently the plaintiffs are left without
any knowledge from the pleadings as to whether agency is to be
admitted or controverted. Thus the plaintiffs are required to go
to the expense and inconvenience of having available all of their
evidence on the issue of agency even though it may turn out to
be uncontested.

The plaintiffs placed some reliance on Practice Book § 118; on
Vincent v. Alexander's Sons Co., 85 Conn. 512, 516, and on
Banks v. Watrous, 134 Conn. 592, 597. These contain nothing
which meets the situation here. It is obvious that a corporation
can in its inherent nature act only through the instrumentality
of human beings. The plaintiffs must prove that the car in ques-
tion was being driven by the defendant Ullian as the then au-
thorized agent of Survey Service acting within the scope of his

authority. On this issue the risk of nonpersuasion is always on the plaintiff and never shifts. The statute merely provides that under certain circumstances a permissible inference of agency may be drawn, and must be drawn if no explanatory evidence is offered by the defendant. Under our system of pleading a complaint which states a cause of action is not demurrable, even though it may be subject to improvement. *Burritt* v. *Lunny*, 90 Conn. 491, 495.

The demurrer is overruled.