JOHN O'DEA *vs.* CHARLES AMODEO ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 5th, 1933—decided January 3d, 1934.

*Sidney S. Cassel,* with whom was *Yale Matzkin,* for the appellant (plaintiff).

*William B. Fitzgerald,* with whom, on the brief, was *Thomas F. McGrath,* for the appellee (defendant).

MALTBIE, C. J.  The plaintiff's injuries arose out of a collision between an automobile in which he was riding and one driven by the defendant Joseph Amodeo. It was alleged in the complaint that the car was maintained by the defendant Charles Amodeo for the use and enjoyment of his family and particularly his son Joseph, who was operating it with his father's consent and within the scope of his authority to do so.  The jury returned a verdict against both defendants and the trial court set it aside as regards Charles Amodeo. The claim made by him was that there was no evidence that the automobile was a family-car which was sufficient to sustain the verdict against him, while the plaintiff claimed that, though the evidence offered was insufficient by itself to sustain the verdict, there was no evidence offered such that the jury as reasonable men could not reasonably conclude that the car was maintained as a family-car and he appealed to the statute, General Statutes, Cum. Sup. 1931, § 600a, now Cum. Sup. 1933, § 1152b.  This provides as follows: "Proof that the operator of a motor vehicle was the husband, wife, father, mother, son or daughter of the owner, shall raise a presumption that such motor vehicle was being operated as a family-car within the

scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption."

The contention of the defendant Charles Amodeo, whom we shall hereafter refer to as the defendant, is that the effect of this statute is merely to carry the case to the jury and justifies a conclusion that an automobile is a family-car only when no substantial evidence is offered by the defendant that it was not, but that, as soon as substantial evidence to that effect is offered, the statute ceases to have any effect and the plaintiff then has the burden of proving that the car was a family-car just as though no statute existed. In the case of *Vincent* v. *Mutual Reserve Fund Life Asso.*, 77 Conn. 281, 58 Atl. 963, we discussed the nature and function of rebuttable presumptions and pointed out that whether they rest upon general experience or probability or merely on policy or convenience they have as such no probative force. No general rule can, however, be laid down as to the effect of a particular presumption in the actual trial of a case, for this depends upon the purpose it is designed to serve. Without attempting an exhaustive survey, we refer to the following examples as illustrating the varying effects produced. The presumption of innocence in a criminal case, a presumption which is of avail only to a defendant, merely emphasizes the burden which rests upon the State to prove the accused guilty. "It cannot add an additional burden to this. Its function is exhausted in putting such burden of proof on the State." *State* v. *Smith,* 65 Conn. 283, 285, 31 Atl. 206; *State* v. *Colonese,* 108 Conn. 454, 460, 143 Atl. 561; *State* v. *Gardner,* 112 Conn. 121, 123, 151 Atl. 349. Whether the defendant produces any evidence or not, it operates to its full extent. The same situation exists as regards the rule that fraud is not to be presumed. *Water*

*Commissioners* v. *Robbins,* 82 Conn. 623, 640, 74 Atl. 938.

Presumptions which have their basis merely in convenience and serve to bring out the real issues in dispute, thus avoiding the necessity of producing evidence as to matters not really in issue, as the presumption which frees an insured in the first instance from offering evidence that he has performed all the conditions of the policy upon which he bases his action, operate only until the defendant has produced some substantial countervailing evidence, some evidence sufficient to raise an issue, and when that has been done they drop out of the case; *Vincent* v. *Mutual Reserve Fund Life Asso., supra,* p. 290; *Benanti v. Delaware Ins. Co.,* 86 Conn. 15, 18, 84 Atl. 109. The same situation exists with reference to the presumption of sanity in a criminal case. It is a convenient device for avoiding the production of evidence as to a matter which in most cases will not present any issue. Thus, in *State* v. *Gargano,* 99 Conn. 103, 108, 121 Atl. 657, we said that the State might rest upon it as upon making out a prima facie case until evidence to the contrary is introduced.

It is also true that when the presumption rests upon common experience and inherent probability, it exhausts itself when the defendant produces substantial countervailing evidence. *Clark* v. *Diefendorf,* 109 Conn. 507, 510, 147 Atl. 33. Such presumptions differ, however, from those of which we have been speaking in that as they are based upon the fact that common experience and reason justify the drawing of a certain inference from the circumstances of a given situation, it follows that, although the presumption as such disappears from the case when substantial countervailing evidence is produced, the facts and circumstances which give rise to it remain and afford the basis for a

like inference by the trier, whether court or jury. "The facts which furnish the foundation of the presumption in question are entitled to count as evidence, and all fair inferences therefrom may be drawn; but the rule of law which gives to them an additional artificial effect may not be regarded as either contributing evidence or possessing probative quality." *Vincent* v. *Mutual Reserve Fund Life Asso., supra*, p. 290. A somewhat similar situation arises in regard to the application of the doctrine *res ipsa loquitur,* with this distinction, that we do not regard that doctrine as giving rise to a presumption in the true sense of the term but consider that, where the necessary facts are proven, they afford the basis of a justifiable inference of negligence. *Motiejaitis* v. *Johnson,* 117 Conn. 631, 635, 169 Atl. 606; see 5 Wigmore, Evidence (2d Ed.) §§ 2490, 2491; *Cogdell* v. *Wilmington & W. R. Co.,* 132 N. C. 852, 44 S. E. 618.

It is true that our statements of the effect of a presumption arising out of common experience have not always been entirely precise. Thus, in *Weidlich* v. *New York, N. H. & H. R. Co.,* 93 Conn. 438, 440, 106 Atl. 323, in speaking of a presumption of the continuance of life, we said: "This presumption of fact will then supply the place of evidence in setting up something which must be overcome by proof." See also *Britton* v. *Hartshorn,* 113 Conn. 484, 489, 156 Atl. 48. In *Knapp* v. *Tidewater Coal Co.,* 85 Conn. 147, 155, 81 Atl. 1063, we said of certain presumptions: "It was incumbent upon the appellant to overcome these presumptions" and to establish its defense. In *Barlow Brothers Co.* v. *Gager,* 113 Conn. 429, 448, 155 Atl. 628, we said of the presumption, applied by some courts, that a trustee sued for breach of trust has acted properly until the contrary is shown, that it went no farther than "to place the burden of proof upon the person

alleging the breach." In these cases, however, we had no occasion carefully to define the effect of the presumptions we were considering. Presumptions of the classes we have been discussing lose their effect as soon as substantial countervailing evidence is introduced, and they may be said to have been rebutted when that evidence is offered.

But where the circumstances involved in an issue are peculiarly within the knowledge of one party and his power to bring them before the court, in certain instances the law deems it fit that he should have the burden not merely of offering some substantial countervailing evidence but of proving such circumstances. An illustration of such a presumption is that which aids a bailor in an action against a bailee based upon his negligence. In such a case, we have said that the presumption of negligence makes out a prima facie case: "which may be overcome by the bailee by any explanation which shall satisfy the trier that the loss was not due to his failure to exercise reasonable care in the custody of the goods." *Murray* v. *Paramount Petroleum & Products Co., Inc.*, 101 Conn. 238, 242, 125 Atl. 617. In such a situation the policy of the law requires that, unless the defendant proves the actual circumstances involved in the loss of the goods, the plaintiff should prevail; if the defendant does prove those circumstances, then the burden of showing that upon the whole case he was negligent rests upon the plaintiff. See Morgan, 47 Harvard Law Review, 59, 79.

Upon a somewhat different basis policy dictates the rule that where, in a contest over a will, it is shown that the natural objects of a testator's bounty have been displaced by some person standing in a peculiar relationship of trust to him, as the lawyer who drew his will, or the guardian of his person or estate, the use of undue influence is presumed, and in such a situ-

ation the proponents of the will have the burden of disproving the actual exercise of such influence by a clear preponderance of the evidence. *Page* v. *Phelps*, 108 Conn. 572, 581, 143 Atl. 890. In these instances the presumption is not rebutted when substantial countervailing evidence is produced but the person in whose favor it operates continues to have its benefit until the adverse party has produced evidence which, believed by the trier, affords a basis for finding the circumstances relevant to the issue of the defendant's liability.

A presumption established by statute may fall into one or the other of these categories, or the language used may clearly indicate the effect which it is intended to have. Thus, General Statutes, Cum. Sup. 1933, § 1149b, creates a presumption that one killed by the negligent operation of a motor vehicle was in the exercise of reasonable care and then proceeds definitely to place the burden to plead and prove contributory negligence upon the defendant.

The statute involved in this case in terms goes no farther, after stating the presumption, than to put the burden of rebutting it upon the defendant, and our question is, what did the legislature intend by this provision. If in this instance the intent of the legislature was to do no more than to establish a presumption which would be rebutted by the production of substantial countervailing evidence, the last provision in the statute would serve no purpose, and we must assume that by its inclusion the legislature intended some further effect. Nor, particularly in view of the fact to which we have referred, that the effect of presumptions has not always been precisely stated in our opinions, can we attribute too much of technical nicety to the language used by the legislature. To conclude that it distinguished between the situations where a presumption is rebutted by the production of substan-

tial countervailing evidence and those where it is only rebutted when the party against whom it has been invoked has proven certain countervailing facts, is to "impute to the lawmakers a subtlety of discrimination which they would probably disclaim." *Cortes* v. *Baltimore Insular Line, Inc.*, 287 U. S. 367, 375, 53 Sup. Ct. 173, 175; quoted in *Jewett City Savings Bank* v. *Board of Equalization*, 116 Conn. 172, 183, 164 Atl. 643.

To construe the statute as meaning that the presumption would be rebutted as soon as substantial countervailing evidence was offered, would necessarily mean that, when the defendant had offered such evidence, the presumption would not only cease to operate, but the burden of proof would be upon the plaintiff unaided by inferences from the facts which gave rise to the presumption, and in the absence of sufficient evidence to sustain that burden the defendant must prevail, even though the trier entirely disbelieved the testimony offered by the defendant. See *McIver* v. *Schwartz*, 50 R. I. 68, 145 Atl. 101. It may have been that the legislature had in mind the language used by us, which we have quoted, in *Weidlich* v. *New York, N. H. & H. R. Co.*, supra; *Knapp* v. *Tidewater Coal Co.*, supra; and *Barlow Brothers Co.* v. *Gager*, supra, and may have taken it to mean that the burden rests upon the defendant to overcome the presumption by the weight of the evidence offered. However that may be, the situation presented is similar to those to which we have referred where the presumption rests upon the fact that the circumstances involved in the issue are peculiarly within the knowledge of the defendant, and as to which we have said that unless the defendant proves the actual circumstances of the case, the presumption is not rebutted.

We conclude that the intent of the statute is that the presumption shall avail the plaintiff until such

time as the trier finds proven the circumstances of the situation with reference to the use made of the car and the authority of the person operating it to drive it, leaving the burden then upon the plaintiff to establish, in view of the facts so found, that the car was being operated at the time as a family-car. From this it would follow that if the plaintiff offered no evidence upon the issue and the trier disbelieved the testimony offered by the defendant for the purpose of showing the circumstances of operation to have been such that it was not a family-car, the plaintiff would be entitled to recover. In the instant case the plaintiff offered no evidence, other than that the car was operated by the son of the owner, to support his contention that the automobile which caused the accident was maintained by the defendant as a family-car and that the son was operating it within the scope of a general authority to do so. The defendant testified that the car was not maintained for the general use of the members of his family and both he and his son testified that the latter had no general permission to operate it, that on the occasion in question he had no permission to use it and that the father did not know that he had taken it until after the accident occurred. It is evident from the trial court's memorandum of decision that it did not construe the statute as we have done, because it stated that even if the testimony of these two witnesses was disbelieved the plaintiff would not be entitled to recover.

It also appears from that memorandum that the trial court considered that the evidence of these witnesses was such that the jury could not disregard it and were obliged as matter of law to find in accordance with it. It is only in a rare case that it can be said as matter of law that the jury must accept as true evidence offered before them, for the credibility

of witnesses is peculiarly within the field of the exercise of their function; and the trial court may not ordinarily substitute its conclusion for theirs. *Porcello* v. *Finnan,* 113 Conn. 730, 733, 156 Atl. 863. It appears in evidence that the car was maintained by the defendant for the pleasure of his family; and that the son, as he knew, had a license to operate motor vehicles. The son gave no testimony to indicate any attempt on his part, when he took the car from the garage at his home on the evening in question, to do so surreptitiously, although he knew his mother was at home at the time. When the father was told of the accident, he evinced no surprise nor has he ever upbraided the son for taking the car. In certain respects the testimony of both father and son was contradicted and they were of course much interested witnesses. Except to prove certain formal matters, they were called as witnesses in their own behalf and not by the plaintiff. The mother was not called as a witness to testify as to a lack of knowledge of the taking of the car by the son. The evidence discloses nothing in the case to arouse the jury's passion or prejudice. In this situation we cannot say that the jury were compelled to accept as true the testimony of the father and son. *Wilson* v. *Grace,* 273 Mass. 146, 173 N. E. 524; *Mitchell* v. *Churches,* 119 Wash. 547, 552, 206 Pac. 6; *Jensen* v. *Fischer,* 134 Minn. 366, 368, 159 N. W. 827. The trial court was in error in setting the verdict aside.

There is error and the cause is remanded with direction to enter judgment upon the verdict.

In this opinion the other judges concurred.