## Matilda Leitzes *vs.* The F. L. Caulkins Auto Company et al.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

460

Argued November 2d—decided December 21st, 1937.

*Aaron J. Palmer*, for the appellant (plaintiff).

*Thomas C. Flood*, for the appellee (named defendant).

BROWN, J. On June 4th, 1936, the defendant Lieberman was in the employ of the named defendant, hereinafter referred to as the defendant, as a salesman of new and second-hand automobiles. At about 5.45 p. m. that day, Lieberman drove the plaintiff and her two sisters, who were his cousins and had just finished their day's work in a store on Main Street in Middletown, to their home on Silver Street in the defendant's car. Thereupon the plaintiff alighted and as she stood nearby Lieberman backed the car over her foot, causing serious injury due solely to his negligence. These facts are undisputed, but by her appeal the plaintiff attacks the court's finding of the further facts that Lieberman's sole purpose in making this trip was to take his cousins home, that he was not operating the car on the defendant's business or within the scope of

his employment, but for the sole benefit of his cousins, and its conclusion that he was not acting as the defendant's agent in the course of his employment at the time.

The only evidence upon the issue of agency is the testimony of Lieberman. He stated in substance that when he stopped to take the plaintiff into the car, he was engaged in testing it out, preliminary to attempting a sale of it to a prospective customer and that he drove it to the plaintiff's home for the purpose of talking with her brother whose store was next door, about other prospective customers. He also testified that when he stopped he asked his cousins if they were going home, invited them into the car, and then drove them home. This evidence was sufficient to support the court's findings and conclusion above stated, the purpose for which he made the trip being determinative of all of these. While the court expressly found that Lieberman's testimony to the effect that he was on the business of the defendant was false, the record does not indicate that it disbelieved him generally as a witness. The trier has a right to believe a part of the testimony of a witness and disbelieve the rest. *Shupack* v. *Gordon,* 79 Conn. 298, 302, 64 Atl. 740; *Roberti* v. *Barbieri,* 105 Conn. 539, 542, 136 Atl. 85. Furthermore, in finding facts favorable to a party a trial court is not confined to the testimony directly offered by it, but may gather those facts from testimony produced by its opponent. *Russell* v. *Vergason,* 95 Conn. 431, 434, 111 Atl. 625; *Ohlin* v. *Kowner,* 96 Conn. 394, 402, 114 Atl. 117. Thus Lieberman's testimony of stopping, inviting his cousins into the car, and driving them home, afforded the basis for a reasonable inference by the court that a purpose which he had in making the trip was to take them home. When the court, as was its right and for reasons which

the record indicates were ample, rejected as untrue the other purpose expressly avowed by him, it was warranted in finding upon the relevant remaining evidence that his sole purpose was to take his cousins home. This finding was not, therefore, predicated upon its disbelief of Lieberman's purpose stated, in violation of the principle set forth in *State* v. *Poplowski,* 104 Conn. 493, 495, 133 Atl. 671, that facts cannot be established by disbelieving witnesses who deny them, as argued by the plaintiff, but upon a reasonable inference from the affirmative statements testified to by him which were in no sense in dispute.

The plaintiff further contends that because, under § 1661c of the 1935 Cumulative Supplement to the General Statutes, in the case of a car driven by other than the owner "the operator . . . shall be presumed to be the agent and servant of the owner of such motor vehicle and operating the same in the course of his employment, and the defendant shall have the burden of rebutting such presumption," the court was unwarranted on the evidence as to agency above recited, in concluding that Lieberman was not acting as the defendant's agent when the accident occurred. In interpreting a similar provision of what is now § 1658c of the 1935 Cumulative Supplement, applicable when the operator is within the relationship to the owner therein specified, we said: "The intent of the statute is that the presumption shall avail the plaintiff until such time as the trier finds proven the circumstances of the situation with reference to the use made of the car and the authority of the person operating it to drive it, leaving the burden then upon the plaintiff to establish, in view of the facts so found, that the car was being operated . . . as a family car." *O'Dea* v. *Amodeo,* 118 Conn. 58, 66, 170 Atl. 486.

This statement as to the effect of the presumption is equally applicable to § 1661c upon the issue of agency.

Applying § 1661c as so interpreted to the present case, it is apparent from what we have already said that it cannot avail the plaintiff. Lieberman's purpose in making the trip was the single disputed fact determinative of the agency issue. Accordingly the court by finding, properly from the evidence as we have said, that his only purpose was to take his cousins home for their sole benefit, thereby found proven the circumstances of the situation with reference to the use made of the car and the authority of Lieberman to drive it. Thereupon, under the rule above quoted, the presumption dropped out, and since the record makes clear that the court upon all the evidence found the facts contrary to the presumption, the plaintiff is not entitled to recover. The trial court having found the facts, and its conclusion that Lieberman was not acting as the defendant's agent in the course of his employment at the time being merely the application of the law to those facts, the presumption ceased to have any practical effect. *Noll* v. *Moran,* 94 Conn. 452, 455, 109 Atl. 241.

The court erroneously stated as a conclusion that "the plaintiff having alleged agency and the scope of the employment of the defendant Lieberman, assumed the burden of proof thereof and failed to maintain it." We have held under § 1654c of the 1935 Cumulative Supplement, which creates a presumption that one killed by the negligent operation of a motor vehicle was in the exercise of reasonable care and then proceeds definitely to place the burden not only to prove contributory negligence but also to plead it upon the defendant, that "by affirmatively pleading her decedent's lack of contributory negligence, the plaintiff waived her right to claim the benefit of the

statute." *Hatch* v. *Merigold,* 119 Conn. 339, 343, 176 Atl. 266. Section 1661c, however, the statute here involved, in terms goes no farther, after stating the presumption, than to put the burden of rebutting it upon the defendant. *O'Dea* v. *Amodea,* supra, 64 Under the wording of this statute the rule quoted from *Hatch* v. *Merigold,* supra, does not apply. In the present case, as was true of the family car allegation in *O'Dea* v. *Amodeo,* supra, the allegation that Lieberman was acting as the defendant's agent was essential to a properly drawn complaint. Practice Book, § 118. The insertion of that allegation could not be construed as a waiver of the plaintiff's right to rely upon the statute.

The court's error in reaching this conclusion was harmless, for the record discloses that the plaintiff was not prejudiced thereby. The determination of the only issue in dispute, that of agency, depended upon the single question of Lieberman's purpose in driving to the plaintiff's home. As already pointed out, upon the facts which the trial court has found, it was impossible for it to reach the conclusion that this purpose was the furtherance of the defendant's business. This was so, irrespective of who had the burden of proof. The record does not show that the court imposed any duty upon the plaintiff which the law did not impose, rendering its judgment erroneous within the principle of *Burk* v. *Corrado,* 116 Conn. 511, 513, 165 Atl. 682, cited by the plaintiff.

There is no error.

In this opinion the other judges concurred.