WILLIAM LOCKWOOD *v.* ALLEN HELFANT ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued April 4—decided May 1, 1940.

*Martin E. Gormley,* for the appellant (named defendant).

*John Keogh, Jr.,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff was injured by a car driven by Miss Cummings and claimed to be owned by Helfant. On this appeal from the denial of the motion to set aside the verdict for the plaintiff the sole issues were whether the jury could reasonably have found that Helfant was the owner and Miss Cummings was his agent.

The accident out of which this cause of action arose occurred April 12, 1938, at 8.30 a. m. The plaintiff introduced evidence to the effect that the car, an Oldsmobile, was registered in the name of Helfant at that time and that the check in payment therefor (Helfant claiming that the car was sold the night before) was not delivered until afterward. The defendants' evidence on the question of ownership may be summarized as follows: Helfant was a dealer in secondhand cars and the owner of the car in question. On April 9th, Andrew Dominic and his friend Frances Cummings had tried the car and Dominic had expressed a desire to purchase it. He said his brother Charles owned a Ford which could probably be turned in as a part of the purchase price. Helfant told Dominic that he would investigate the credit situation and that, if that was found satisfactory, the deal could go through on Monday, April 11th. On Monday evening Andrew, Charles and Helfant went to a personal finance company, where a loan of $120 was negotiated. They then returned to Helfant's office where Charles signed a bill

of sale of the Ford to Dominic and Dominic signed a bill of sale of the Ford to Helfant as well as a used car order, a conditional bill of sale of the Oldsmobile and an application for markers for the latter. Andrew then drove the car away, borrowing Helfant's dealers' markers. He asked Miss Cummings to pick the car up at his place of employment the next day and have it tested at the state inspection lane. Dominic testified that the understanding was that if the inspection disclosed the necessity for repairs, they would be made by Helfant and that the check in payment was not to be delivered to Helfant until after the inspection.

The plaintiff claimed that the evidence tending to prove a transfer of ownership before the accident was untrue and fabricated for the purpose of relieving Helfant of liability, and that it involved numerous contradictions. The jury could reasonably have discredited it (*Porcello* v. *Finnan,* 113 Conn. 730, 733, 156 Atl. 863) or could have credited a part and disbelieved a part. *Roberti* v. *Barbieri,* 105 Conn. 539, 542, 136 Atl. 85. If they found, as claimed by the plaintiff, that the transaction of April 11th never took place, the undisputed fact that the car was registered in the name of Helfant at the time of the accident would support a conclusion that he was the owner at that time. *Kaplenski* v. *Horwitz,* 114 Conn. 523, 526, 159 Atl. 351. If they found that payment was not to be made and the transaction finally consummated until after the car had been tested and repaired, they could reasonably reach the same result. As stated above, the check was not in fact delivered until after the accident. The jury might have found a situation similar to that where personal property is delivered on trial and the sale is not to be consummated unless the article proves satisfactory to the vendee. *Vanderbeek* v. *Francis,* 75 Conn. 467, 469, 53 Atl. 1015. In view of the charac-

ter of the defendants' testimony, we cannot say that the jury were precluded from finding that Helfant was the owner of the car. *Horvath* v. *Tontini,* 126 Conn. 462, 11 Atl. (2d) 846.

Since the jury must have found that Helfant was the owner in order to bring in a verdict against him, Miss Cummings, who was driving the car at the time of the accident, is presumed to have been his agent. General Statutes, Cum. Sup. 1935, 1661c. No claim was made that a conditional vendor is not an "owner" within the terms of that statute. The statute provides that "the defendant shall have the burden of rebutting such presumption." The presumption raised by the statute is not one which is rebutted by the mere offer of substantial countervailing evidence. *O'Dea* v. *Amodeo,* 118 Conn. 58, 64, 170 Atl. 486. While that case concerned a similar statute (§ 1658c of the 1935 Cumulative Supplement) with reference to the family car doctrine, the effect of the presumption is equally applicable to agency under § 1661c. *Leitzes* v. *F. L. Caulkins Auto Co.,* 123 Conn. 459, 463, 196 Atl. 145. In construing this statute we have said, ". . . the presumption shall avail the plaintiff until such time as the trier finds proven the circumstances of the situation with reference to the use made of the car and the authority of the person operating it to drive it, leaving the burden then upon the plaintiff to establish, in view of the facts so found, that the car was being operated at the time as a family-car. From this it would follow that if the plaintiff offered no evidence upon the issue and the trier disbelieved the testimony offered by the defendant for the purpose of showing the circumstances of operation to have been such that it was not a family-car, the plaintiff would be entitled to recover." *O'Dea* v. *Amodeo,* supra, 65. The jury were not obliged to accept the testimony offered by

the defendant on the question of agency. Id., 67. As a matter of fact, one of the defendants said, in effect, that Miss Cummings was Helfant's agent and Helfant, taking the stand thereafter, did not deny it or testify to facts leading to a contrary conclusion. It follows that the jury could also have found for the plaintiff on the question of agency, and that the refusal of the court to set aside the verdict was correct.

There is no error.

In this opinion the other judges concurred.