## JOHN CIARCIA
### *vs.*
## FRANK HOLZMANN ET AL.

| Superior Court | Hartford County | File No. 61722 |
| --- | --- | --- |

MEMORANDUM FILED APRIL 2, 1941.

*John L. Ericson,* of New Britain, for the Plaintiff.

*Charles H. Blackall,* of Hartford, for the Defendants.

CORNELL, J.  Memorandum of decision was filed in this case on November 13, 1940. This directed that judgment enter in favor of the plaintiff against the defendant William Holzmann as the operator and defendant Frank Holzmann as the owner of a Chevrolet automobile, because of injuries sustained by the plaintiff when that car was in collision with one owned and operated by the plaintiff on August 27, 1939.

Counsel for defendant Frank Holzmann upon motion made by him, was granted permission to reargue the matter in so far as concerned the question of liability on the part of that defendant. Although no particular claim was stated during the trial or at its conclusion upon the argument, the claim was then advanced that defendant, Holzmann, upon any permissible view of the evidence, could not be held liable. Notwithstanding the omission to particularly urge it theretofore, the contention is one within the issues formed by the pleadings and reexamination of it is justified under the circumstances.

It appears that the car, though registered in the name of Frank Holzmann alone, was owned jointly by the defendants, but at the time of the collision was being operated for pleasure purposes by the defendant William Holzmann, who was accompanied by the defendants' sister, the latter's girl friend and a male companion of William. The defendant Frank Holzmann was not in the car. If a motor vehicle is owned jointly by two persons, and one of them inflicts injury upon a third while such car is being operated by one of them alone—the other not being present—solely for his own purpose or pleasure, there is no liability on the other joint owner. 2 *Berry, Law of Automobiles* (6th ed. 1929) §1322; 7-8 *Huddy, Encyclopedia Automobile Law* (9th ed. 1931) §147; §149 and cases cited in footnote.

However, the evidence further establishes that defendants and three sisters all live with their mother and as such constitute a family; that defendant Frank Holzmann is a cripple and unable to operate an automobile; that the car in question is the only one owned by any member or members of the family group; and that it was purchased and maintained by both defendants for the benefit of the family.

In actuality it was being used at the time of the collision for that purpose. While the court's attention has not been called to any case factually analogous, no distinction is observable on principle between the basis of liability where a family car is owned and maintained by one of the members of the family group, from that where it is so owned and maintained by two or more of them, where the vehicle is being utilized at the time another is injured by its faulty operation, as is the situation here. Quite the contrary, in the case of a car owned by a partnership and driven by one of the partners on partnership business at the time a third person is injured, both partners are liable. " . . . . where a member of a partnership orders a car to be used in connection with its business, or himself so uses it, the firm will be liable for an injury happening through negligent operation in the course of such use. In such a case, the injured person may sue the partnership, the offending partner individually, or the partnership and such partner jointly." 7-8 *Huddy, Encyclopedia Automobile Law* (9th ed. 1931) §149 and cases cited. The basis of liability of all partners under such circumstances is obviously a subsisting agency between them. The analogous theory upon which liability is imposed upon an owner of a so-called family car is the same, though the concept underlying it finds it sanction in public policy. *Stickney vs. Epstein,* 100 Conn. 170, 179. The principle applicable here, under the facts found, is thus stated in *Slattery vs. O'Meara,* 120 Conn. 465, 469, quoting from *Stickney vs. Epstein, supra,* p. 172: " 'The purpose for which the defendant's wife was operating the automobile was a family purpose, and it was the purpose for which the defendant intended the automobile to be used, and at the time the plaintiff was injured the automobile was being used by the defendant's wife in carrying out the purpose for which the defendant maintained the automobile'."

In his complaint, the plaintiff described the defendant, William Holzmann as "the brother, agent and servant of the defendant, Frank Holzmann." Such allegations do not waive the presumption of agency in favor of the plaintiff, as provided in section 1661c of the 1935 Cumulative Supplement to the General Statutes; nor did the plaintiff by making them voluntarily assume the burden of proving that, aside from liability which might attach to defendant William Holzmann as the operator of the defendant car, the defendant Frank Holzmann was also liable as his brother's principal. *Leitzes vs. Caulkins*

*Auto Co.,* 123 Conn. 459, 464. That matter, however, is of no practical importance in view of the character of the presumption created by the statute, since defendant submitted evidence disclosing the circumstances of the situation with reference to the use made of the car and the authority of the person operating it to drive it. *Leitzes vs. Caulkins Auto Co., supra,* pp. 462, 463.

Nor were the allegations in question insufficient to predicate recovery upon the so-called family car statute, notwithstanding that they are somewhat vague, since it was open to the defendants to move to make them more specific and they are, notwithstanding their breadth, apt to state a cause of action on the evidence, much of which was given by defendants' witnesses.

No reason is perceived which would justify modifying the judgment in any of the respects or for any of the reasons urged by defendants in support of the motion. The judgment may stand as on file.