## GEORGE LASKY ET AL.
*vs.*
## COOLEY CHEVROLET CO., INC., ET AL.

Court of Common Pleas    Judicial District    File No. 8548
of Waterbury

MEMORANDUM FILED DECEMBER 14, 1943.

*Edward Mascolo,* and *Stephen Elliott,* of Waterbury, and *Maxwell H. Goldstein,* of New Haven, for the Plaintiffs.

*Francis J. Moran,* of New Haven, for the Defendant Cooley Chevrolet Co., Inc.

*J. Warren Upson,* of Waterbury, and *S. Bennett Alderman,* of New Haven, for the Defendant Abraham A. Alderman.

FITZGERALD, J. The plaintiff George Lasky and his daughter-in-law, the plaintiff Gertrude Lasky, joined in one

complaint under the statute (Supp. [1941] §822f) to recover damages of the defendants. The complaint in substance alleges that on November 17, 1941, Mr. Lasky was operating a car owned by his daughter-in-law in a westerly direction on the Middlebury Road in Waterbury and that a car owned by the defendant Cooley Chevrolet Company and operated by the defendant Alderman in an easterly direction on the same highway came into collision; that the defendant Alderman was operating negligently in specified respects; and that Mr. Lasky as a consequence sustained personal injuries and certain expenses and the daughter-in-law injuries to her car.

The defendants in effect filed general denials, special defenses of contributory negligence on the part of Mr. Lasky, and counterclaims under which the defendant Cooley Chevrolet Company sought to recover damages of the plaintiffs for injuries to its car and the defendant Alderman damages for personal injuries.

The issues presented by the pleadings and the evidence thereunder produced by the parties were tried to the jury. The jury returned a verdict in favor of the plaintiffs on their complaint and for the plaintiffs on the counterclaims, and awarded Mr. Lasky as damages the sum of $1,101.50 and the other plaintiff as damages the sum of $160.77. The court accepted the verdict.

The defendants, acting separately, have moved to set aside the verdict on the grounds that "it is contrary to the law and evidence and is excessive." No claim is made that the court improperly charged the jury in any respect. Also, no request to charge was filed by any of the parties.

In support of its motion, the defendant Cooley Chevrolet Company confines itself to three grounds: (1) the complaint is deficient in that it does not allege that the defendant Alderman was operating the car of the defendant Cooley Chevrolet at the time in question as its agent; (2) the answers of the jury to interrogatories 1 and 3, submitted at its request, are so inconsistent as to destroy the legal basis of the verdict in so far as this defendant is concerned; (3) in any event the verdict in so far as this defendant is concerned is against the law and the evidence in the light of the majority opinion of our Supreme Court in the recent case of *Koops vs. Gregg*, 130 Conn. 185. These grounds are considered in the order named.

(1) The complaint, while alleging that the defendant Cooley Chevrolet Company owned the car operated by the defendant Alderman at the time of the collision, does not allege that Alderman was doing so as its agent. At the trial, counsel for the Cooley Chevrolet Company admitted owner-ship of the car and permission of Alderman to drive it at the time in question, but denied agency. During the trial no mystery was made of the fact that the plaintiffs, in so far as the claimed liability of the Cooley Chevrolet Company was concerned, were proceeding under the presumption of agency statute embodied in section 1661c of the 1935 Cumulative Supplement to the General Statutes. Nevertheless, good pleading on the part of the plaintiffs required that agency be alleged in a complaint drawn under this statute. See *Leitzes vs. F. L. Caulkins Auto Co.,* 123 Conn. 459, 464. But in the absence of a demurrer or motion filed before the pleadings were closed this ground, under the circumstances of this case, avails the Cooley Chevrolet Company nothing.

(2) At the request of the defendant Cooley Chevrolet Com-pany the court submitted three interrogatories to the jury, the first and third and answers thereto being of present moment. These read:

"1. Was the defendant, Abraham A. Alderman, operating the automobile of the Cooley Chevrolet Co., Inc., at the time of the collision, as the agent of the Cooley Chevrolet Co., Inc.?

"Answer: Yes.

"3. At the time of the (collision) was Abraham A. Alder-man operating the Dodge Sedan on the business of the Cooley Chevrolet Co., Inc.?

"Answer: No."

It is obvious that the answers to the foregoing interrogatories are inconsistent. The statute in question (§1661c) does not establish any *new kind* of agency in the law; but only creates a presumption of that kind of agency recognized by the law and capable of rebuttal. To say on the one hand that Alder-man was the agent of the Cooley Chevrolet Company at the time of the collision and on the other hand that he was not at that time operating the car on the business of the Cooley Chevrolet Company, defy reconciliation. The basis of one proposition destroys the other. Since the liability of the

Cooley Chevrolet Company for Alderman's negligence is made to depend not only upon the latter occupying the status of agent but also engaged on its business at the time, the legal basis of the verdict in this respect is destroyed. The ground is well taken.

(3) In its charge to the jury the court, in considering the liability of the defendant Cooley Chevrolet Company in the light of the presumption of agency statute (§1661c), followed closely matters contained in the majority opinion in the *Koops* case, particularly pages 187-188. The uncontradicted testimony of the defendant Alderman and of a Mr. Rogers, offered by the defendants (the latter being the manager of the Cooley Chavrolet Company garage in New Haven), concerning the circumstances under which Alderman was driving the company car at the time in question, was as follows: On the morning in question Alderman brought his own car to the Cooley Chevrolet Company garage in New Haven for repairs and was allowed, without charge, to drive a secondhand Dodge owned by the company to Danbury to keep a business appointment of his own. The collision happened while Alderman was returning from Danbury through Waterbury to New Haven. Alderman paid for the gasoline used by the borrowed car. He was a shoe salesman at the time and the Danbury appointment concerned him as such salesman and not the Cooley Chevrolet Company in any particular.

On cross-examination plaintiff's counsel did not bring out, for example, that the loan of its car by the Cooley Chevrolet Company to Alderman "was intended principally, if not wholly, to promote (its) interests by fostering harmony, cooperation and good will." (See minority opinion, *Koops* case, p. 194.) Assuming that the jury nevertheless drew this inference; "the law does not, in determining agency, take account of indefinite considerations and possible motives." (See majority opinion, *Koops* case, p. 192.)

It follows that this ground is well taken. The majority opinion in the Koops case compels this conclusion.

The motion to set aside the verdict by the defendant Alderman requires only a brief comment. The jury could reasonably find that Alderman was negligent in the operation of the car he was driving, that his negligence was the proximate cause of the collision, that the plaintiff George Lasky was not guilty of any negligence which materially contributed to the

collision, and that both plaintiffs sustained damages entitling them to the awards given by the jury.

At first blush it might appear that the award of $1,101.50 to the plaintiff George Lasky was somewhat on the liberal side. However, the jury could reasonably have concluded that Mr. Lasky, an elderly man, sustained a concussion of the brain causing intermittent headaches ever since November 17, 1941, to say nothing of a permanent scar on his head. His special damages amounted to $101.50 as follows: First aid treatment, $3.50; doctor's bill, $73; extra compensation to a farm hand for period of five weeks total disability in doing chores on his farm, $25.

No claim is pressed to the event that the verdict relating to Gertrude Lasky is excessive. The sum of $160.77 awarded this plaintiff is based on the repair bill of her car, plus interest.

The following disposition is made:

1. The motion of the defendant Cooley Chevrolet Company to set aside as to it the jury's verdict of November 12, 1943, is granted on grounds (2) and (3) heretofore considered. As to this defendant the verdict is contrary to the law and to the evidence.

2. The motion of the defendant Alderman to set aside the verdict as to him is denied on all grounds. As to this defendant the verdict is in accordance with the law and the evidence in every respect and is not excessive.