FRANK AMENTO *v.* EINER MORTENSEN ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued February 8—decided April 13, 1944.

*James W. Carpenter,* for the appellant (named defendant).

*M. J. Blumenfeld,* with whom were *Milton M. Koskoff* and, on the brief, *DeLancey Pelgrift,* for the appellee (plaintiff).

Ells, J.  The plaintiff was struck by an automobile owned by the defendant Mortensen and driven by the defendant Dukette.  A verdict was returned against both defendants, and Mortensen has appealed from the denial of a motion to set aside the verdict against him, and from the judgment.  Our decision upon the former is decisive of this appeal.

Mortensen's claim is that Dukette was on an errand of his own and was not Mortensen's agent.  As to agency, the plaintiff rested his case in chief on the admission in the answer of the defendant Mortensen that the car was owned by him.  General Statutes,

Cum. Sup. 1935, § 1661c. The defendants then produced testimony by Mortensen that he was manager of the Colonial Acceptance Corporation, that late in the afternoon, preceding the accident in question, Dukette, a dealer in DeSoto automobiles, came to the Corporation's office on Main Street in Hartford on business relating to the financing of a car Dukette had sold, and that when this business had been finished and both were about to leave for home they had a conversation on the street in front of the office. Dukette's De Soto had a fluid drive. Dukette asked Mortensen if he had ever operated a fluid drive automobile. Mortensen said he had not, and Dukette said, "Well, why don't you try it out?" Mortensen asked how Dukette would get to his home in Bristol, and said, "All right, I'll let you take my car provided you bring it back in the morning." Thereupon Dukette took Mortensen's car, which was parked in front of the building, and Mortensen took Dukette's fluid drive car. By this evidence Mortensen claimed to have proved that Dukette was on an errand of his own and not on Mortensen's business, that the presumption of agency was rebutted and that the plaintiff had failed to sustain his burden of proof.

The statute, § 1661c, is printed in the footnote to *Koops* v. *Gregg*, 130 Conn. 185, 187, 32 Atl. (2d) 653, in which case we said, in substance, that the statute goes further than merely establishing a presumption, and definitely places the burden of rebutting it upon the defendant. But that burden is restricted to rebutting the presumption; it does not place on the defendant the burden of proving that the operator was not the agent of the owner. The presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car was operated by an agent of the owner

then rests upon the plaintiff; if no evidence relevant to the issue is produced, or if countervailing evidence is produced but the trier does not believe it, the presumption applies and the plaintiff is entitled to have the issue found in his favor. *O'Dea* v. *Amodeo,* 118 Conn. 58, 64, 170 Atl. 486; *Leitzes* v. *F. L. Caulkins Auto Co.,* 123 Conn. 459, 462, 196 Atl. 145; *Lockwood* v. *Helfant,* 126 Conn. 584, 587, 13 Atl. (2d) 136.

The jury was not obliged to accept the testimony of the defendant Mortensen on the question of agency. However, the plaintiff then produced Dukette as a witness in rebuttal, and he testified, in substance, that it was Mortensen who urged the exchange of cars, but that when he, Dukette, drove Mortensen's car his purpose was to go home to Bristol for the night, stopping on the way on an errand of his own; and that he had to come to Hartford the next morning and planned to return Mortensen's car and take his own car again. The evidence offered by both parties agrees as to the essential facts and neither party claims the contrary.

In ruling upon the motion to set the verdict aside, the trial court apparently considered that the controlling factor was the evidence that the exchange of cars was for the benefit of Mortensen, for the purpose of allowing him to satisfy his desire to try out a fluid drive car. Even if Mortensen had been the one who sought the exchange, and it was for his benefit, the reasoning is erroneous, for it is confined to the benefit to Mortensen in his use of Dukette's car and ignores the purpose and object of Dukette's journey in Mortensen's car. The object of Mortensen in taking Dukette's car and the benefit to him merely demonstrate that he was not Dukette's agent, and are wholly insufficient to establish that Dukette, while driving Mortensen's car, was his agent. In using Mortensen's car Dukette was doing nothing in the execution of

Mortensen's business. Dukette's mission was twofold: to interview, on the way home, a prospective purchaser of a car from his agency, and then drive to his own home in Bristol. The accident occurred during the latter undertaking, and Dukette was then clearly on a personal errand of his own. Under these circumstances Mortensen was not liable. Dukette, who was not in the employ of Mortensen, was not the latter's agent while on his own business. Even if the benefit to Mortensen in using Dukette's car could be said to be connected with Dukette's use of Mortensen's car, that benefit was merely incidental. There are two limitations upon benefit to a person as the basis of a conclusion of agency: one is that the benefit may be too incidental, as illustrated by *Card* v. *Bissing*, 114 Conn. 71, 74, 157 Atl. 644; the other is thus stated: "The mere fact that the master's business is to be remotely promoted by the use, is not enough to make the master liable." 2 Mechem, Agency, p. 1471. The second principle is the more applicable here. The former serves particularly where the person claimed to be the agent is contemporaneously serving two purposes. Here, as far as any benefit to Mortensen is concerned, it was fully served when the exchange was made. Dukette's journey home was the aftermath of an accomplished purpose. Any connection of that journey with gratification of Mortensen's desire to use the car was too remote. The fact which rebutted the presumption of the statute is that Dukette was engaged on his own business when the accident occurred and not that of Mortensen.

There is error, the judgment against the defendant Mortensen is set aside, and a new trial is ordered as to him.

In this opinion the other judges concurred.