ANTHONY SKUT, ADMINISTRATOR (ESTATE OF JOSEPH SKUT) *v.* JENNIE BOARDMAN ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and ALCORN, Js.

Argued April 5—decided May 15, 1951

*Charles V. James*, with whom, on the brief, was *J. Ronald Regnier*, for the appellants (defendants Boardman).

*Morris H. Broder*, for the appellee (plaintiff).

INGLIS, J. Although the assignments of error on this appeal are addressed both to the denial of the motion to set aside the verdict and to the charge, there is only one question of law involved. That is the question whether a plaintiff suing to recover damages for negligence in the operation of a motor vehicle waives the benefit of the presumption of agency created in his favor by § 7905 of the General Statutes by introducing evidence of the fact of agency on his case in chief.

On the trial of the case the plaintiff introduced evidence to prove the following facts: On the night of December 8, 1945, Joseph Skut, the plaintiff's decedent, while riding as a passenger in an automobile in Colchester, was killed as the result of the negligence of the driver of the car, the defendant Emil Pugatch. The car was owned by the defendant Jennie Boardman. It was commonly used as a taxi for hire in the taxi business conducted by her and her husband, the defendant Samuel Boardman, of which business he was the manager. During the summer, fall and winter seasons of 1945 to and including December 8, Pugatch was employed by Samuel to operate the taxi. During that time Pugatch solicited passengers to be carried for hire in the car and regularly drove it as a taxi in Colchester, Moodus and other places. He received as compensation for his services 40 per cent of the fares collected,

accounting for his collections ordinarily to Samuel Boardman but on at least one occasion to Jennie. On the night in question, Joseph Skut engaged Pugatch to drive him from the center of Colchester to his home north of the center and paid Pugatch $1 for the trip. It was on this trip that the car got out of Pugatch's control and Skut was killed. The defendants offered evidence to prove that Samuel Boardman did not employ Pugatch to operate the car as a taxi and was not authorized by Jennie Boardman to employ drivers to operate the car as a taxi for hire.

In that part of the charge dealing with the question of the agency of Pugatch in the operation of the taxi, the court read to the jury § 7905 of the General Statutes, which is printed in the footnote.[1] After making it plain that the statute did not assist the plaintiff in establishing that Pugatch was the agent of Samuel, because the car was not owned by him, the court fully and accurately explained the nature of the presumption created so far as it related to the question of Pugatch's agency for Jennie. The defendants Boardman do not complain of the interpretation of the statute given by the court in the charge. As stated above, the real claim is that, by introducing evidence in his case in chief to prove the agency, the plaintiff had waived the benefit of the statute and that, therefore, the court should have either refrained from mentioning the statute or charged the jury that it had no bearing on this case.

---

[1] "PRESUMPTION OF AGENCY IN MOTOR VEHICLE OPERATION. In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of such motor vehicle, the operator, if he be other than the owner of such motor vehicle, shall be presumed to be the agent and servant of the owner of such motor vehicle and operating the same in the course of his employment, and the defendant shall have the burden of rebutting such presumption."

We have repeatedly held that the presumption created by the statute in question is of the class of presumptions created by law for the reason that the knowledge of the actual facts of the matter presumed rests peculiarly with the party against whom the presumption is raised. The statute creates the presumption that the operator of a car is the agent of the owner and places the burden of rebutting the presumption on the owner. That burden is restricted to rebutting the presumption, but it is not met merely by introducing countervailing testimony. It is only met when the trier finds proven facts which fairly put in issue the question of agency. When such facts have been proven, the burden of proving that the motor vehicle was operated by an agent of the defendant rests upon the plaintiff. *Amento* v. *Mortensen,* 130 Conn. 682, 684, 37 A. 2d 231; *Koops* v. *Gregg,* 130 Conn. 185, 187, 32 A. 2d 653; *Lockwood* v. *Helfant,* 126 Conn. 584, 587, 13 A. 2d 136; *Leitzes* v. *F. L. Caulkins Auto Co.,* 123 Conn. 459, 462, 196 A. 145; see *O'Dea* v. *Amodeo,* 118 Conn. 58, 63, 170 A. 486.

A plaintiff by alleging the fact of agency in his complaint does not waive the statute and assume the burden of proof thereon. *Leitzes* v. *F. L. Caulkins Auto Co.,* supra, 464. It is difficult to see any good reason why he should be held to assume the burden of proof by offering evidence on the subject on the trial. At some stage in a trial some evidence of the actual relationship between the claimed principal and agent is apt to come into the case. This may happen on either direct or cross examination of the plaintiff's own witnesses. Obviously, it is impossible for the plaintiff to know whether such evidence is adequate to prove to the trier the existence of facts which fairly put the question of agency in issue and thereby shift the burden of proof to the plaintiff. Indeed, even though

such evidence does not come in during the presentation of the plaintiff's case in chief, he may well anticipate that the defendant's case will present evidence claimed by the defendant to prove absence of agency. If he does so, he is within his rights in producing his own evidence on the subject on his case in chief. In doing so, his conduct can hardly be interpreted as indicating his intent to waive the presumption created by the statute. What he is doing is buttressing the presumption, not waiving it. The evidence which he introduces may preserve to him the benefit of the presumption, because it may well operate to so discredit the evidence offered or to be offered by his adversary that the trier will not find proven facts which fairly put the question of agency in issue.

*Clark* v. *Diefendorf,* 109 Conn. 507, 510, 147 A. 33, and *Vincent* v. *Mutual Reserve Fund Life Assn.,* 77 Conn. 281, 288, 58 A. 963, relied upon by the defendants, are not in point. Neither of them holds that the offer of evidence in support of a presumption operates as a waiver of the presumption or that a presumption such as the one involved in the present case drops out of the case merely because both parties offer evidence on the subject. The trial court was correct in charging the jury that the plaintiff had the benefit of the presumption as against Jennie Boardman even though he had introduced evidence tending to prove the fact of agency.

With reference to the denial of the motion to set the verdict aside, the evidence was adequate to justify the jury in finding that Pugatch was employed by Samuel Boardman to drive the taxi and therefore was his agent at the time of the accident. So far as Pugatch's agency for Jennie Boardman on that occasion is concerned, the jury might reasonably have found either that there was a lack of sufficient credible evidence to put the ques-

tion of agency in issue, in which event the statutory presumption would'control, or that the weight of the evidence was that it was within Samuel's authority as manager of the taxi business to employ Pugatch and bind Jennie by such employment.' In either event, the finding that Pugatch was acting as the agent of Jennie would be proper. Accordingly, the denial of the motion to set aside the verdict was correct.

There is no error.

In this opinion the other judges concurred.