ANTHONY SKUT, ADMINISTRATOR (ESTATE OF JOSEPH SKUT) *v.* THE HARTFORD ACCIDENT AND INDEMNITY COMPANY

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued April 12—decided May 31, 1955

*Charles V. James,* with whom were *J. Ronald Regnier* and *William R. Moller,* for the appellant (defendant).

*Morris H. Broder,* for the appellee (plaintiff).

INGLIS, C. J. In this action the plaintiff seeks to recover, on a public automobile liability policy issued on a car owned by Jennie Boardman, the amount of damages for the wrongful death of his decedent awarded in a former action against Emil Pugatch, the operator of the car. In that action, judgment for damages in a lesser amount was also awarded against Mrs. Boardman. This latter amount was paid by the present defendant and accepted by the plaintiff. The trial court in the case at bar rendered judgment for the plaintiff to recover the amount of the former judgment against Pugatch less the sum received in satisfaction of the judgment against Mrs. Boardman, and the defendant has appealed.

The court found the following facts: On December 8, 1945, Mrs. Boardman was the owner of a Buick sedan which was used by her and Samuel Boardman, her husband and partner, as a taxi for hire in Colchester. On that day the car was being operated by Emil Pugatch, and the plaintiff's decedent, Joseph Skut, was a passenger in it. Pugatch was then employed by the Boardmans as a taxi driver, and the actual use of the car by him at the time of the accident was with the permission of Mrs. Boardman. By

reason of the negligence of Pugatch in the operation of the car, Skut was killed. In force at the time of the accident was an insurance policy issued by the defendant to Mrs. Boardman whereby the defendant agreed to pay on behalf of the insured all sums which the insured should become obligated to pay by reason of liability imposed upon her by law for damages because of bodily injury, including death, sustained by any person through accident and arising out of the ownership, maintenance or use of the Buick sedan. The policy provided that "[t]he unqualified word 'insured,' wherever used [in the policy] includes the named insured and . . . also includes any person . . . legally responsible for the use [of the automobile], provided the actual use of the automobile was with the permission of the named insured."

The plaintiff, having been appointed administrator of the estate of Joseph Skut, brought suit in the Superior Court for New London County to recover for the wrongful death of his decedent from Jennie Boardman, Samuel Boardman and Pugatch. The present defendant provided counsel to defend the suit on behalf of Mr. and Mrs. Boardman but not on behalf of Pugatch. The Boardmans denied that Pugatch was their agent and that he had been operating the car with their permission. Pugatch was defaulted for failure to appear. The case against the Boardmans was tried to the jury, and the presentation of the evidence on that trial was treated as a hearing in damages to the court upon the default against Pugatch. On the issues between the plaintiff and Mrs. Boardman, including the issue of agency, the jury, on November 8, 1949, found for the plaintiff and assessed the damages he was entitled to recover of the Board-

mans at $5000. The court, however, on the hearing in damages against Pugatch, found that the amount of the damages recoverable was $10,000. On November 8, 1949, judgment for $5000 and costs was entered on the verdict of the jury against the Boardmans, and on November 22, 1949, judgment was entered against Pugatch for $10,000 and costs. The Boardmans appealed to this court, but the judgment against them was affirmed. *Skut* v. *Boardman,* 137 Conn. 675, 680, 81 A.2d 110. No appeal was taken from the judgment against Pugatch. After the final determination of the case against the Boardmans, the present defendant paid the plaintiff the amount of the judgment against them, and the plaintiff delivered to the defendant a satisfaction of judgment in which he acknowledged receipt of $5000 damages and $216.16 costs. Included in the satisfaction of judgment was this reservation: "[I]t is further understood that the acceptance of said Five Thousand ($5,000.) Dollars and costs shall not be a waiver or a relinquishment of any right which the said Anthony Skut has or may have on the judgment rendered in said action against Emil Pugatch . . . ." The judgment against Pugatch has not been paid.

The court concluded that Pugatch was an insured under the terms of the policy issued by the defendant, that the judgment rendered against him in the former action was a valid judgment which had not been satisfied by the payment of the judgment against the Boardmans and that the defendant was liable to the plaintiff for the amount of the judgment against Pugatch, less the amount received in satisfaction of the judgment against the Boardmans.

This action was brought under § 6191 of the General Statutes, which reads in part as follows: "Upon

the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment shall not be satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment." The three requisites of a cause of action under this statute are (1) that the plaintiff has recovered a final judgment; (2) that the judgment is against a person who was insured by the defendant against liability on it; and (3) that the judgment remains unsatisfied. The defendant contends on this appeal that none of these three elements was satisfied.

The defendant's first argument is that the court was not warranted in concluding that Pugatch's liability was covered by its policy. Its next contention is that the judgment against the Boardmans in the former case would bar an action against Pugatch or at least would prevent an award of damages against Pugatch in excess of the damages awarded by the jury against the Boardmans. Finally, it claims that the payment of the judgment against the Boardmans operated to discharge in full the judgment against Pugatch.

The court concluded that Pugatch's liability to the plaintiff was covered by the policy. The correctness of that conclusion depends upon whether the court was warranted in finding that the actual opera-

tion of the car at the time the plaintiff's decedent was injured was with the permission of Mrs. Boardman. This latter finding is attacked by the assignment of errors. The evidence before the court on this subject was the same as the evidence on the former trial. In the former trial this evidence led the jury to the conclusion that at the time of the accident Pugatch was operating the car as the agent of the Boardmans and in the course of his employment by them as a taxi driver. It is, of course, true that this finding of agency in the former trial is not conclusive on the defendant in this case to establish coverage under its policy. *Rochon* v. *Preferred Accident Ins. Co.,* 118 Conn. 190, 194, 171 A. 429. In our opinion in the former case, we said that the evidence warranted the finding by the jury that Pugatch was the agent of the Boardmans. *Skut* v. *Boardman,* 137 Conn. 675, 679, 81 A.2d 110. If the evidence warranted a finding of agency in the former trial, it is clear that the same evidence warranted the court's finding in the present case that Pugatch was operating with the permission of Mrs. Boardman. A person operating an automobile as the agent of the owner within the scope of his agency must necessarily be operating with the permission of the owner. The court's finding must stand. By the terms of the policy issued by the defendant, Pugatch, while operating the automobile in question with the permission of Mrs. Boardman, was an additional insured. Any liability which he incurred was within the coverage of the policy. The conclusion of the court to that effect was correct.

In support of its contention that the plaintiff is barred from attempting to recover on his judgment against Pugatch, the defendant cites a line of cases holding that, if a person injured by the tort of

another who is the agent of a third recovers a judgment against either the principal or the agent in one action, he is precluded from recovering in a subsequent action against the other. *McNamara* v. *Chapman,* 81 N.H. 169, 123 A. 229; *Granquist* v. *Crystal Springs Lumber Co.,* 190 Miss. 572, 1 So. 2d 216; *Hunt* v. *Ziegler,* 271 S.W. 936 (Tex. Civ. App.), aff'd, 280 S.W. 546; *Jones* v. *Valisi,* 111 Vt. 481, 18 A.2d 179. The rationale of these cases is that, by starting the first action against one of two persons liable for the tort, the injured person has made an election to submit the question of damages to the trier on that case and that, therefore, he must be bound by the decision of that trier on the subject. *McNamara* v. *Chapman,* supra, 172. Because the liability of the principal is derivative rather than separate from the liability of the agent, the plaintiff is held to but one opportunity to litigate the issues and present evidence of damages. *Jones* v. *Valisi,* supra, 484; *Giedrewicz* v. *Donovan,* 277 Mass. 563, 569, 179 N.E. 246. This reasoning has no application in the case at bar. It can hardly be said that the plaintiff has made an election to submit the question of the amount of his damages to one trier and then to another. He sued both the agent and the principal in one action. It was not by reason of any election on his part that the amount of his damages was first fixed by the jury as against the Boardmans and then by the court as against Pugatch.

The cases cited by the defendant in support of its claim that the amount of damages awarded by the jury against the Boardmans limited the amount of damages that the court could assess against Pugatch are based on the rule that a principal should not be liable for a greater amount of damages than his

agent who was the active tort-feasor. *Pinnix* v. *Griffin,* 221 N.C. 348, 20 S.E.2d 366; *Ferne* v. *Chadderton,* 363 Pa. 191, 69 A.2d 104; *Daniel* v. *Jones,* 140 Cal. App. 145, 35 P.2d 198; *Sparks* v. *Berntsen,* 112 P.2d 742 (Cal. Dist. Ct. App.), rehearing denied, 113 P.2d 735. The reason for this rule is apparent. The principal is liable only because of the doctrine of respondeat superior. His liability is derivative from the liability of the active tort-feasor and is dependent upon it. Manifestly, it would be unjust to put upon him a greater liability as to damages than that of the active tort-feasor from whom his liability is derived. In any event, this rule has no application to the case at bar, since in the former case the damages assessed against the principal were less in amount than those assessed against the active tort-feasor.

Whether the two lines of cases relied upon by the defendant are precedents which we would follow is a question which we do not have to decide in this case. For, even if by the law in this jurisdiction the amount of damages recoverable from Pugatch was erroneously assessed in the former action, it would not follow that the judgment rendered against him would be void. Under our procedure it is competent for the court in a hearing in damages after a default has been entered to determine the amount of damages and render judgment accordingly. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 35, 82 A.2d 146. The judgment rendered against Pugatch in the former action was arrived at in accordance with that procedure. It was not appealed from. It stands as a final judgment conclusively determining that Pugatch is liable to the plaintiff in the sum of $10,000 and costs. In an action under the statute, the defendant may not go back of such a valid judg-

ment to assert that it was erroneous in its determination of the extent of the insured's liability to the plaintiff.

The final claim of the defendant is that the satisfaction of the judgment against the Boardmans operated to discharge the judgment against Pugatch. It is true that ordinarily the payment of a judgment against one of several persons who are jointly and severally liable for a single tort constitutes a complete satisfaction of the wrong and discharges the others from all further liability for that tort. *Ayer* v. *Ashmead*, 31 Conn. 447, 452. Whether it does so operate in any given case, however, depends upon the intention of the parties making and accepting the payment. *Dwy* v. *Connecticut* Co., 89 Conn. 74, 83, 92 A. 883; Restatement, 4 Torts § 885 (1). In the present case, nothing could be more clear than that neither the defendant in paying the judgment against the Boardmans nor the plaintiff in accepting it intended that the payment of that judgment should discharge the judgment against Pugatch. It was expressly agreed between them that the payment should not be a waiver or relinquishment of any right which the plaintiff had on the judgment against Pugatch. Under these circumstances, the judgment against Pugatch was not discharged. It was only satisfied pro tanto to the amount of $5000 and costs paid at that time. Restatement, 4 Torts § 885 (3); see *Burkhardt* v. *Armour & Co.*, 115 Conn. 249, 256, 161 A. 385. If it were so that under the law the defendant could wholly escape the payment of a valid judgment in the amount of $10,000 by the satisfaction of another judgment for $5000, for which it was also liable, even though it and the plaintiff had agreed that the payment of the latter judgment should not affect the defendant's liability on the

former, an injustice would result. The law will not tolerate that injustice.

There is no error.

In this opinion the other judges concurred.