[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 5088
This is a bifurcated trial with the first issue to be decided being the liability of the defendant Simon Ford, Inc.
The action arises out of an automobile collision on September 27, 1987 between the plaintiff Terrence Beaudry and the defendant Deborah Smith. At the time of the collision Smith was operating a motor vehicle owned by and registered to Simon Ford, Inc., which had been loaned to Smith while Simon Ford, Inc. was repairing Smith's automobile.
Smith has admitted that it was her negligent operation which caused the accident.
The complaint alleges two causes of action against Simon Ford, Inc. Count two alleges that Smith was the agent of Simon Ford, Inc. and that Simon Ford, Inc. is liable under the agency theory for the negligence of its agent Smith.
Count three alleges that Simon Ford, Inc. failed to comply with the provisions of General Statutes § 14-60, and that said noncompliance triggers the liability of Simon Ford, Inc.
Agency
Section 52-183 reads as follows:
 "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption".
This statute creates a rebuttable presumption of agency under the facts of this case. The Court concludes that there is sufficient evidence to rebut the foregoing presumption, to wit:
Smith was involved in a prior automobile accident in July 1987 which resulted in damage to her car. She made arrangements for Simon Ford to repair her car. While her car was being repaired CT Page 5089 Simon Ford let Smith have a succession of "loaners" — actually three in number — to use. Smith was not an employee of Simon Ford. She was not doing any business of Simon Ford at the time of the accident. There were no limitations on her use of the "loaner" other than not permitting anyone else to drive it who was not covered by her own insurance policy. The only possible benefit to Simon Ford was the remote one that Simon Ford's business was promoted by its "loaner" policy. Such a remote potential benefit is insufficient to create a master-servant or agency liability.Amento v. Mortensen, 130 Conn. 682, 686, (1944). Aside from the restriction as to insured operators, Smith could use the loaned vehicle as she wished both as to time and place. Smith was not the agent, servant and/or employee of Simon Ford, Inc. at the time of the collision on September 27, 1987.
Noncompliance with § 14-60
Section 14-60(a) reads in pertinent part:
 "No dealer or repairer may loan a motor vehicle or numbered plate or both to any person except . . . when a motor vehicle owned by or lawfully in the custody of such person is undergoing repairs, . . . and in any case, for not more than 30 days in any year, provided such persons shall furnish proof to the dealer or repairer that he has liability and property damage insurance which will cover any damage to any person or property caused by the operation of the loaned motor vehicle, motor vehicle on which the loaned number plate is displayed or both. . . . If the person to whom the dealer or repairer loaned the motor vehicle or the number plate did not, at the time of such loan, have in force any such liability and property damage insurance, such person and such dealer or repairer shall be jointly liable for any damage to any person or property cause by the operation of the loaned motor vehicle or a motor vehicle on which the loaned number plate is displayed."
The plaintiff argues that it is reasonable to conclude from the evidence that Smith was in possession of the three loaned vehicles for longer than thirty days in the aggregate, and that by so doing in violation of the statute, Simon Ford is liable for the damages caused by Smith.
The plaintiff has failed to prove by a fair preponderance of CT Page 5090 the evidence that Smith had loaner vehicles for longer than thirty days, thus the interpretation of § 14-60(a) does not come into play.
Smith testified in deposition that she brought her previously damaged vehicle to Simon Ford to be repaired sometime in the week before Labor Day 1987, which was September 7 in that year. Her testimony that she "probably" brought her car in "maybe" the third or fourth week of August is vague and unpersuasive as to the precise date.
The employee of Simon Ford, Harold Robbins, who loaned the vehicles to Smith, testified in deposition that the day Smith brought her vehicle in for repairs would be indicated on the back of the repair order. That date is shown as September 3, 1987. That is consistent with Smith's testimony that she kept the first "loaner" only one or two days as it wasn't running well. She got a second loaner which she kept one or two weeks, to her recollection, and then got her third one on September 11, 1987 according to the one loan agreement available. It was this third vehicle which was involved in the accident on September 27, 1987.
It appears more likely that Smith received her first "loaner" on September 3, 1987, thus there is no violation of § 14-60.
For the foregoing reasons, the Court enters judgment for the defendant. Simon Ford, Inc. as to counts two and three of the amended complaint.
Klaczak, J.