### STRATTON and wife *against* NICHOLS.

On the trial of an action of trespass, by a woman, for an assault upon her person, with intention to have illicit intercourse with her, the plaintiff introduced a witness, who testified, that at the time of the alleged trespass, he lived with the plaintiff, and one evening, between sun-down and early candle-light, the plaintiff was sitting in her bed-room, tending her child; that the defendant came into the keeping-room adjoining the bed-room, and asked for a paper; that the plaintiff thereupon directed her daughter to go down into the

*Fairfield,*
August, 1850.

Stratton & ux.
*v.*
Nichols.

basement story of the house, and get a light; that while she was gone for that purpose, the defendant went into the bed-room, and said something to the child; that soon afterwards, the plaintiff exclaimed, " Let *go* of me "—" keep your hands off of me "—" keep your distance ": that while her daughter was coming in from the basement with a light, the defendant left the bed-room, and soon afterwards, the house; that the position of the witness, during this transaction, was such, that he could not see either the defendant or the plaintiff, but he knew the voices of both.    The defendant objected to the testimony of this witness, but it was received.    On a motion for a new trial, it was held, 1. that the matters of fact involved in this statement were proper evidence to go to the jury; 2. that as the objection was taken to the whole testimony, the court did right in overruling it, even if the exclamation of the plaintiff was not admissible; but 3. that it was admissible as an accusation of the trespass, which, though made to the defendant's face, he did not deny.

THIS was action of trespass, for an assault upon the person of *Laurena Stratton,* wife of *Shelton B. Stratton.*    The cause was tried, on the general issue, at *Danbury, October* term, 1849.

On the trial, the plaintiffs claimed, as one of the trespasses laid in the declaration, that some time in the autumn of 1844, the defendant entered the bed-room of the plaintiffs, and there assaulted Mrs. *Stratton,* one of the plaintiffs, and there endeavoured to have illicit carnal connexion with her.    In support of this claim, they offered *William Platt,* as a witness, who testified, that in the fall of the year 1844, he, the witness, lived with the plaintiffs, and one evening, between sun-down and early candle-light, he sat on the stairs in the plaintiffs' house, and near the bed-room, but in such a position that he could not be seen from the bed-room, nor from the keeping-room ; that while he was so sitting there, Mrs. *Stratton* sat in the bed-room, tending her child; that at that time, the defendant, whose voice he well knew, came into the keeping-room, where a daughter of the plaintiffs, aged fifteen or sixteen years, then was, and then asked either the daughter or her mother, (and the witness could not say which,) for a paper ; that Mrs. *Stratton* then directed her daughter to go down into the basement story of the house, and get a light; that she went accordingly ; and that the defendant, (as he the witness knew by his voice,) went into the bed-room, which immediately communicated, by a door, with the keeping-room, and said something, (but what, the witness could not state,) to the child ; that soon thereafter, Mrs. *Stratton* spoke up, and said " Let go of me"—" keep your hands off of me"—" keep

your distance." And the witness testified, that this was all *Fairfield, August, 1850.* that was said, on that occasion; and he did not state, nor was it claimed, that he saw either the defendant or Mrs. *Stratton* & ux. *v.* *Stratton,* on that occasion, at all; nor that any thing was said *Nichols.* by the defendant, on that occasion, except his speaking to the child, as above mentioned.

The witness further testified, that while the daughter was coming in from the basement, with a light, the defendant left the bed room, and soon afterwards, the house. This was all of the testimony of *Platt* in relation to the affair, or alleged trespass, on that occasion.

The defendant thereupon objected to the admission of this testimony, insisting, that it was not admissible to prove the defendant guilty of such trespass; but the court admitted it, and it was given to, and heard by, the jury.

Afterwards, on the argument of the cause to the jury, the defendant claimed, and requested the court to charge the jury, that the testimony of *Platt* could not be considered by them, as evidence, proper for their consideration, on the question of the defendant's guilt of the alleged trespass; but the court did not so instruct the jury.

The jury returned a verdict for the plaintiffs, with 300 dollars damages; and thereupon the defendant moved for a new trial.

*Hawley* and *Belden*, in support of the motion, contended, that the testimony of *Platt* was inadmissible. In the first place, no fact was proved, from which a legitimate inference unfavourable to the defendant could be drawn. Circumstantial or presumptive evidence requires some fact proved, from which the presumption is to arise, or the inference to be drawn. Here, the foundation of the presumption is matter of conjecture only. Secondly, the words in question came from one of the plaintiffs, unaccompanied by any act whatever. Allow this, and a party may make what evidence for himself he pleases. Thirdly, it was not shewn, that the words related to the defendant, if to any one. 1 *Stark. Ev.* 23, 4. 39. 73. 480. 501, 2. 3 *Stark. Ev.* 1235.

*Dutton* and *Loomis*, contra, after remarking, that the only question here related, not to the sufficiency of the testimony, which it was for the jury to determine, but to its relevancy

*Fairfield,*
August, 1850.

Stratton & ux.
*v.*
Nichols.

only ; for if it tended to prove the facts in issue, it was admissible ; contended, 1. that in connexion with the situation of the parties, it had this tendency.    On the supposition of the defendant's guilt, the exclamations in question were such as would naturally come from a virtuous woman ; but otherwise, they could not be accounted for.

2. That it was admissible as *a declaration accompanying an act.* 1 *Sw. Dig.* 763. *Thompson* & ux v. *Trevannion, Skin.* 402. cited 6 *East*, 193.

3. That it should be received as an admission by the defendant.    Mrs. *Stratton* virtually charged the defendant with certain acts, which he did not deny.    1 *Greenl. Ev.* §197. 215.

4. That if the testimony would, under any circumstances, be admissible, it is incumbent on the party seeking a new trial, to shew that those circumstances did not exist ; for the presumption is, that the decision is right until the contrary appears.    *Toby* v. *Read*, 9 *Conn. R.* 216.

ELLSWORTH, J. We think the testimony of *Wm. Platt* was admissible.

The point in dispute, was, whether the defendant did make an assault on Mrs. *Stratton.*    Her assertion that he did, or her exclamation implying that he did, would not alone be evidence tending to prove the fact.    But here the plaintiffs claim to have proved, that just at the commencement of the evening, the defendant entered, uninvited, into the bed-room of Mrs. *Stratton* ; as they claim, to meet her there alone in the dark ; and under pretence that he wanted to get a newspaper, induced her daughter to leave the room, and go below for a light ; and further, that as she returned, and after the exclamations of Mrs. *Stratton*, he hastily fled, without apparent cause.

These facts are certainly admissible to the jury, and are highly important in their character.    Now, in the first place, even if Mrs. *Stratton's* exclamation, implicating the defendant, be not admissible, still as all the evidence came in together, the objection should have been especially taken to the objectionable part, as then, the attention of the court would have been called to the precise question.    A general objection after testimony is received, is not sufficient

for a rejection of a portion of it, as we held in *Merriam* v. *New-York & New-Haven R. R. Co.* at the present term of the court, in *New-Haven*. But if it were otherwise, the words of Mrs. *Stratton* would be admissible. They are in the nature of an *accusation of the defendant to his face*. He was certainly there with Mrs. *Stratton*, alone in her bedroom, in the dark. She exclaimed or spoke up " let go of me"—" keep your hands off of me"—" keep your distance." To which the defendant made no reply, and immediately left, before the daughter returned to the room, and soon quit the house. He must have heard the words of Mrs. *Stratton*, for they were repeated, with great emphasis; and they were not *unmeaning*. He made no reply, and left abruptly, without any assignable cause; which would have been an unnatural course, if nothing improper had been attempted. The evidence clearly *conduces* to prove guilt. With other evidence, such as was introduced on the trial, it might be sufficient to satisfy the jury.

It is said, Mrs. *Stratton* cannot make testimony for herself: and that what she said is nothing more than this—no fact of the *res gesta*, nor qualifying any *act* or *declaration* of his; for it is said, none is proved and must not be assumed. We assent to the law; but hold it not applicable to this case. The evidence is received as a *charge* of *crime*, which charge the defendant does not deny or resent, but flees from the accuser.

We advise no new trial to be granted.

In this opinion the other Judges concurred.

New trial not to be granted.