BESSIE KATZ *vs.* JOSEPH S. COHN ET AL.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued June 11th—decided July 10th, 1936.

*DeLancey Pelgrift,* for the appellant (defendant Cohn).

*David M. Reilly,* with whom was *Edward M. Rosenthal,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff brought this action to recover damages resulting from personal injuries suffered in an automobile collision.   In the writ two defendants are named, Joseph S. Cohn and Ann M. Kingsley.   The jury returned a verdict for the plaintiff against Cohn and in favor of Mrs. Kingsley.   This appeal is from a denial by the trial court of a motion made by Cohn to set that verdict aside.   As far as the issue of liability is concerned, Cohn's only claim is that

the jury could not reasonably have found that he and not Mrs. Kingsley was driving the automobile which collided with that in which the plaintiff was riding. Three apparently distinterested witnesses testified that immediately after the accident Cohn was sitting behind the steering wheel of the car and Mrs. Kingsley was sitting on the seat to his right. On the other hand, Cohn and Mrs. Kingsley testified that she was driving. Despite this conflict of testimony Cohn contends that the injuries suffered by him and Mrs. Kingsley can only be reasonably explained upon the theory that she was driving the car. He received severe injuries about the mouth, including a cut through the nostril and lip and an injury, called a "burn," upon the right leg, while she was seriously bruised on her chest. There was evidence that part of the hood of the car came through the windshield which, as the photograph of the car shows, was badly broken, particularly upon the right side, and there was a heater in the car on the right side. Cohn's theory is that the cut he suffered must have been due to the part of the hood coming through the windshield, that the "burn" on his leg came from the heater, and that Mrs. Kingsley's chest injury must have been due to being thrown forward against the steering wheel. The cars came together with a terrific impact. The jury very probably considered, in weighing the claim of Cohn, that the effect of the collision caused the chin of Katz, the driver of the other car, to come in contact with the steering wheel in front of him and that the so-called "burn" on Cohn's leg was above the knee. We cannot say that the jury were bound to accept the theory advanced by Cohn and disregard the definite testimony to the contrary.

Cohn also claims that the verdict, for $18,000, was excessive. The jury first returned a verdict for

$30,000, which the trial court refused to accept, returning the jury for a further consideration. The jury might have found the following facts: The principal injury to the plaintiff, a housewife thirty-five years old, was a compound fracture of the bones of the leg below the knee, shattering them badly. This required that, beyond the usual treatment for a fracture, the bones had to be sewed in place, a hole drilled through the heel bone and a wire inserted, with weights attached so as to maintain a tension, and that the plaintiff lie flat on her back while this treatment was applied for about six weeks. As union did not result, a further operation was necessary in order to fasten the bones in place. Osteomyelitis set in. At the time of the trial, almost a year after the accident, only a fibrous union had resulted and probably there never would be a perfect union; and there was still a discharge from the wound. The plaintiff was still wearing an iron brace on her leg and using crutches. The most favorable prognosis was that by a stiffening of the ankle joint, which would probably occur, her injury might become painless; but in that event she would be lame all her life, with about a 50 per cent. loss of function of the ankle. In the opinion of the physician who attended her, the osteomyelitis would never be cured and would probably break out at some future time. The injury and treatment required was such as to cause the plaintiff great pain and suffering and consequent incapacity. She incurred expenses for medical and surgical treatment to the amount of about $2500.

If we accept as correct the statement of the instruction of the trial court in returning the jury to a further consideration, contained in a motion of the plaintiff in the file, it appears that the court believed the amount of the first verdict to be due to indignation on the part

of the jury aroused by a finding that Cohn was intoxicated; and that the court suggested that had the verdict been for $10,000, $12,000, or possibly even $15,000 it would have been accepted. Were it not for a probability of a return of the osteomyelitis, the amount last mentioned would be beyond the limits of reasonable compensation to the plaintiff. Even considering that element, the sum of $15,000 is all that the plaintiff is reasonably entitled to recover. *Nirenstein* v. *Sachs*, 117 Conn. 343, 346, 167 Atl. 822.

There is error and a new trial is ordered unless the plaintiff within three weeks from the time when she receives notice of the decision of this court shall file in the office of the clerk of the Superior Court a remittitur of $3000 of the amount of the verdict; but if such remittitur be filed judgment shall thereupon as to the residue be entered upon the verdict; the costs of this appeal to be taxed to the appellant in either event.

In this opinion the other judges concurred.