MARY CORNELIA HARGRAVE, ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF HAROLD WILLIAM HARGRAVE, DECEASED, PLAINTIFF-RESPONDENT, v. STANLEY STOCKLOSS, DEFENDANT-APPELLANT.

Argued May 20, 1941—Decided September 19, 1941.

For the plaintiff-respondent, *George L. Burton* (*Baruch S. Seidman,* of counsel).

For the defendant-appellant, *Green & Green* (*David Green,* of counsel).

The opinion of the court was delivered by

PORTER, J.   The defendant appeals from a judgment rendered against him in an action in which he is charged with the negligent operation of an automobile which resulted in injuries and death to Harold William Hargrave.   The suit is by the administratrix ad prosequendum and as general administratrix of the estate of the deceased for the recovery of damages for the death and also for pain and suffering and for medical and hospital expenses.

The case was tried in the Supreme Court, Middlesex Circuit, before Judge Oliphant and a jury and resulted in a verdict for the plaintiff for $5,000 for the death and $1,000 for the pain, suffering and expenses.

It is the contention of the appellant that the trial court erred in not granting a nonsuit or directing a verdict in his favor and in not charging the jury as requested.

We conclude, for reasons to be stated, that there were questions of fact in dispute which required the submission of the case to the jury and that the charge as a whole was free from reversible error and that therefore the judgment should be affirmed.

Hargrave, the deceased, was employed as an automobile truck driver by a large firm having its factory and place of business on both sides of Passaic Avenue, Kearny.   Sometime after seven o'clock in the evening of February 4th, 1939, he drove out of the plant through a gate and turned on Passaic Avenue in a southerly direction.   He stopped the truck on the westerly side of the street at the curb about 100 yards from the gate through which he had left the premises.   His work occasioned him to cross the street at the place where he had stopped in order to pick up some mail.   While crossing, so it is claimed, he was struck by an automobile being negligently operated by the appellant, it being driven at a high

rate of speed and without lights. It was after dark and the immediate vicinity was very dark.

McCartin, the night watchman at the gate, who had opened it for the deceased, testified that shortly after doing so as he was about to cross Passaic Avenue he saw an automobile going south pass at a high rate of speed, estimated by him at about sixty miles per hour, and without lights. He heard no noise of a collision but as he was walking across the street he heard groans and following the sounds he found deceased lying in the street on the east side partially across the curb and about twenty-five to thirty feet beyond and opposite to where the truck was parked. The lights on the truck were lighted. He immediately looked for help and found Casper, a fellow employee, the garage foreman, who went with him to the injured man who was then taken to the hospital.

Casper testified that the lights on the truck were lit and the door on the right side was open and the left door closed. He says that he returned to the scene of the accident about six hours later to make further observations and then found in the street about twenty-five feet to the south of where the injured man had been lying a rim of a fender cowl light and several pieces of broken fender and cowl light lens.

Police Officer Diercks who had been investigating the accident testified that he had an interview on April 6th, 1939, with the defendant who admitted having driven the automobile on the night in question and that he had seen a man running across the street at the place mentioned but denied striking him. He said that when he saw the man he swerved his car sharply to the right and avoided any contact with him, that his swerve brought him over to the right in front of the parked truck. He did not stop. He also said that the lights on his car were lighted and that he was not driving fast. The first knowledge he had of the man being injured was the next day when he said he read of it in the newspaper but he failed to report to the police because he was afraid. He did not testify at the trial. The officer had in his possession the cowl light rim and pieces of lens said to have been picked up by Casper and he testified that they were similar to those on the defendant's auto and fit same.

In the automobile with defendant was one Walsh. He testified. He said that he had seen a man come out of the door of the truck on the left side, jump off the running board and run across the street, that the defendant swerved sharply to the right and had not struck him. Their lights were lighted and they were traveling slowly, about twenty miles an hour. That the pavement was rough which prevented high speed. He also said there was an automobile behind them. He further said that shortly after passing the deceased their car was in a slight collision with a car of one McCort, the bumpers of the two cars became locked together and causing damage to the defendant's car by denting the front left fender and breaking the bumper. He said they knew McCort and being in a hurry did not get out intending to see him later.

The defendant's automobile was repaired the morning after the accident by one Babinski. He testified that he had repaired the bumper and fender light and fender.

From this summary of the pertinent testimony it seems clear that questions of fact were in dispute directly or by inference properly drawn on the charge of negligence and the counter-charge of contributory negligence. Therefore the court was right in denying the motions of defendant for a nonsuit and for a directed verdict in his favor.

The defendant makes much in his argument of the fact that the testimony against him consists in large measure of circumstantial evidence. The rule applicable, as stated by Mr. Justice Heher in *Kuczynski* v. *Humphrey,* 118 *N. J. L.* 322 (at *p.* 326), is—

"In civil cases, it is generally sufficient if the circumstantial evidence be such as to afford a fair and reasonable presumption of the facts inferred. Circumstantial or presumptive evidence, as a basis for deductive reasoning in the determination of civil causes, is a mere preponderance of probabilities. The evidence, though not reaching the pinnacle of certainty, is yet sufficient to sustain the burden of proof if it attain the level of probability. *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.,* 111 *N. J. L.* 487; *Slayback Van Order Co.* v. *Eiben,* 115 *N. J. L.* 17; *Hercules Powder Co.* v. *Nie-*

*ratko,* 113 *N. J. L.* 195; *affirmed,* 114 *N. J. L.* 254; *Belyus* v. *Wilkinson, Gaddis & Co.,* 115 *N. J. L.* 43; *affirmed,* 116 *N. J. L.* 92."

We think that there was testimony and proper inferences to be drawn therefrom within the stated rule from which the jury was justified in finding the facts on which it based the verdict.

The remaining points urged for reversal are with respect to the court's failure to charge the jury as requested. First, the request was "If you find any testimony of a particular witness willfully false in a material issue of fact, testimony given with intention to deceive you, then you may in your discretion, disregard all of the witness' testimony." This is a correct statement of the doctrine *falsus in uno, falsus in omnibus,* but we do not think the court is obliged to charge it unless he finds that it is applicable to the case. Furthermore this doctrine is not a positive rule of law to be applied to all cases but rather has to do with the weight of the testimony about which the court properly instructed the jury. *Cf. Addis* v. *Rushmore,* 74 *N. J. L.* 649. It seems to us that unless the court had good reason to believe that a witness had testified falsely willfully for the purpose of deceiving the jury that the administration of justice would not require him to so charge. In other words, the court is allowed to exercise discretion in the matter. The defendant now argues that the request was directed to the testimony of McCartin with respect to having identified the photograph of an automobile other than the defendant's as the one which was involved in the accident. A careful examination of the testimony fails to show any such identification. It appears that as a result of information given to Police Officer Diercks by McCartin the officer did photograph the automobile of one Cody and took a statement from Cody. The proofs do not show, as defendant argues, that McCartin told the officer that the car involved was a Willys coupe and identified the photograph of the Cody car as the one. On the contrary, both the officer and McCartin say that the make of the car was not stated by McCartin nor did he identify it from the photograph. He went no further than to say that it looked like it. There is

nothing in the testimony to justify the inference that McCartin was testifying falsely in any way. We therefore think that the failure to charge this request did not constitute error.

The other request to charge which was refused and to which exception was taken is—"Negligence is a fact which must be shown. It will not be presumed. There is always a presumption against negligence and if the evidence is equally consistent with the absence as with the existence of negligence on the part of the defendant Stanley Stockloss, then your verdict shall be in favor of the defendant"—and "The burden of proof is upon the plaintiff to prove not only the negligence charged, but also that such negligence was the proximate cause of the injury complained of" and also "The burden of proof never shifts from one asserting a cause of action. If the plaintiff has made out a bona fide case and the defendant's explanation leaves you in a state of equipoise or equality of weight and force, on the question of negligence, the defendants are entitled to a verdict, and your verdict shall be no cause of action." "The defendants are never under a duty to show by the weight of evidence that they are innocent of negligent conduct. The burden is upon the plaintiff to show that the defendant, Stanley Stockloss, was guilty of negligence."

These are all the usual and accepted principles of law to be explained to the jury in a negligence case but it is not incumbent for the court to charge in the specific words of the request. The charge should be considered in its entirety and so reviewing it we conclude that it was full, clear and comprehensive and that every principle contained in the quoted requests was adequately charged and that the defendant was not prejudiced by it.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.