## MONTROSE v. NELSON.
### Civil Action No. 10132.

District Court, D. New Jersey.
Aug. 25, 1948.

Maurice A. Cohen, of Bayonne, N. J., and Seymour Kempner, of St. George, S. I., N. Y., for plaintiff, for the motion.

Starr, Summerill & Davis, by Lewis Abbott Starr, all of Camden, N. J., for defendant, opposed.

MADDEN, District Judge.

This is an action by the Administrator for the wrongful death of Conrad A. Montrose, resulting from an automobile collision wherein it was alleged that the defendant, Melvin E. Nelson, was the driver of the automobile in which the decedent was a passenger, on June 14, 1946, at Norfolk, Virginia.

The case was tried by the court and a jury and at the conclusion of all of the testimony the court granted the defendant's motion and dismissed the case against the named defendant because the plaintiff had not sufficiently carried the burden of proof which was legally his to go to the jury.

The present application is for a new trial upon the grounds that such ruling was error and that the proofs, as submitted, at least required consideration of the fact questions by the jury.

The plaintiff proved that on June 14, 1946, about 4:15 A. M., five people were traveling upon Route 13, a dual highway with two lanes of traffic in each direction, outside Norfolk, Virginia, in a general westerly direction, in a Pontiac two-door Sedan (Exhibit P. 1). It was agreed at pre-trial conference that this automobile was owned by Catherine Greenhill Flemings. This car running at apparent high speed, according to the photographs and depositions in evidence, ran into and under a large, well-lighted truck and trailer proceeding in the same direction on the same highway.

The plaintiff-decedent, Conrad A. Montrose, was an occupant who was killed and suit was instituted against the defendant, Melvin E. Nelson, alleging him to be the driver at the time of the accident. Of the five people in the car only two lived; one the defendant, Melvin E. Nelson, and the other a Captain Roberts. Roberts was not produced as a witness at the trial but the court feels that no penalty should be suffered by or inference created against either party because counsel agreed that he was unable to throw any light upon the question.

Likewise comment may be made at this time that counsel on both sides have been most cooperative with the court both during the trial of the cause and during the argument and briefing of this problem.

The depositions of the truck driver and a Virginia police officer, called to the scene of the accident some time after the happening, were introduced into evidence and were read to the jury. They were to this effect: That after the collision (which was a most violent one) the truck driver stopped his truck and trailer, got out and went to the rear where he found this automobile. Both doors were sort of sprung open. Three people were in the back seat and identified as (1) the plaintiff-decedent, Conrad A. Montrose, (2) Captain Roberts and (3) Ernestine Randolph. Montrose and Randolph were dead. Roberts was moving around trying to get out. In the front seat, hanging halfway out the door on the left hand (driver's) side of the car with his feet near the pedals of the car, was the defendant, Melvin E. Nelson. Hanging halfway out the door on the right hand side of the car, with her feet about under the heater, was the owner (but not a defendant) Catherine Greenhill Flemings.

They allowed Roberts to get out first and then they (the truck driver and his helper) lifted defendant Nelson out and placed him on the road alongside the car. They then went around to the right hand side and lifted Mrs Flemings out and she died at this point. Roberts then climbed into the back of the car and went to sleep on top of the bodies of his two dead compan-

ions. When they lifted Nelson from the car (he was very severely injured being still incapacitated at the trial in March, 1948) he mumbled or muttered, "Who was driving the car?"

When the police officer arrived he obtained defendant's identification from his Army officer's blouse and then attempted to question him as to who was driving the car at the time of the accident, but could receive no answer.

This in the main constituted the plaintiff's case on the subject and the court denied, at this point, a motion by defendant's counsel for nonsuit.

The defendant, Melvin E. Nelson, thereupon took the stand and told of these three Army officers leaving Fort Lee, Virginia, with the two women and going to Norfolk, spending the evening at a dance at Virginia Beach, returning to the home of Mrs. Flemings where the girls changed their dresses and then starting on the return trip to Camp Lee. During this time he had been driving. Three people were in the back; Captain Roberts; the plaintiff-decedent, Montrose, and Miss Randolph. He occupied the driver's seat and Mrs. Flemings (the owner) was on the right hand side of the front seat. He said that as he proceeded along Route 13 Mrs. Flemings and the three already named on the back seat were sleeping. He stopped the car at a stop street intersection and with that Mrs. Flemings awakened and questioned him as to whether he was tired. He replied in the affirmative. She then wanted to know if he wanted her to drive and he said he did because he was getting sleepy. With that and while the car remained stopped at the intersection she slid over the top of him and he slid underneath her and they exchanged positions on the front seat, she getting behind the wheel. He testified that she then proceeded to drive and he "sort of curled up" on the front seat facing the left and went to sleep. This is the last that he can remember, according to his testimony, until he recovered consciousness in the hospital the next day. He described his injuries which were all down the right hand side of his body. The right side of the head, his right shoulder and arm, his right hip, and his right knee and ankle were injured; seven ribs were cracked or fractured at a point under the right arm.

He was cross-examined vigorously but his story, in the opinion of the court, remained absolutely unshaken that he was not driving the car. He admitted making a statement concerning the accident to Army investigators, dated June 19, 1946, (Exhibit P. 13.) Counsel for plaintiff argues that this statement contradicts his testimony, but with this the court cannot agree. He explained in his testimony that by reason of his injuries he could not remember all details at the time he gave the statement but that since the accident his mind has cleared considerably and, in fact, clears a little more each day. But he definitely remembers that he was not driving the car at the time of the accident. On this point the statement says:

"On our departure from the filling station we headed directly for Camp Lee, Virginia. At the intersection of the road that we were traveling with the road to Elizabeth City, North Carolina, I remember Catherine Flemings asking me if I wanted her to drive. I do not remember whether or not we changed places as that was the last time that I remember talking to her or it seems the last thing that I remember at all. The next thing that I remember was waking up in the Naval Hospital at Portsmouth, Virginia."

The defendant was his only witness in this respect and the only rebuttal by plaintiff was the introduction into evidence of the foregoing statement.

At this point, on the defendant's motion, the court dismissed the action against the defendant.

It seems to the court that the first question for consideration is under what law or forum should the case be decided, Federal or State? If State, should it be New Jersey where tried or Virginia where the accident occurred? Rule 43 of the Federal Rules of Civil Procedure,[1] among other things, provides:

"All evidence shall be admitted which is admissible under the statutes of the United

---

[1] 28 U.S.C.A. following section 723c.

States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the State in which the United States court is held."

And as Judge Biggs said in Shaw v. United States Fidelity & Guaranty Co., 3 Cir., 101 F.2d 92, 96:

"The question of the sufficiency of the evidence to go to the jury was determinable under the law of the forum * * *."

■ It, therefore, seems clear that this question being one of evidence and the sufficiency thereof, New Jersey Law should apply. It likewise seems clear to the court that the only attempt on the part of plaintiff's counsel to prove defendant the driver of the automobile at the time of the accident was by circumstantial evidence, namely, the position in which the defendant was found after the collision.

■ Justice Heher, speaking for the New Jersey Supreme Court in Kuczynski v. Humphrey, 118 N.J.L. 321, 326, 192 A. 371, 373, said of circumstantial evidence:

"In civil cases, it is generally sufficient if the circumstantial evidence be such as to afford a fair and reasonable presumption of the facts inferred. Circumstantial or presumptive evidence, as a basis for deductive reasoning in the determination of civil causes, is a mere preponderance of probabilities. The evidence, though not reaching the pinnacle of certainty, is yet sufficient to sustain the burden of proof if it attain the level of probability." See also Hargrave v. Stockloss, 127 N.J.L. 262, 265, 21 A.2d 820.

In passing on defendant's motion and granting a dismissal at close of the entire case, the court, in the absence of any case directly on point, likened the questioned to the one where "proof of defendant's ownership of an automobile driven on a public highway raises a presumption of fact that such automobile was in the possession of the defendant." Tischler v. Steinholtz, 99 N.J.L. 149, 122 A. 880, 882. "Where the prima facie inference arising from the fact of ownership is overcome by uncontradicted proof that in fact an automobile was not in the possession of the owner or

his servant or agent, the question is one for the court, and not the jury. Doran v. Thomsen, 76 N.J.L. 754, 71 A. 296, 19 L.R. A.,N.S., 335, 131 Am.St.Rep. 677; Mahan v. Walker, 97 N.J.L. 304, 117 A. 609." Curry v. Stevenson, 58 App.D.C. 162, 26 F.2d 534, 535.

The court likewise called attention of counsel to the New Jersey case that it considered closest to the one under consideration to be Sadofsky v. Frain, 7 N.J.Misc. 1064, 147 A. 729. In that action a man had been killed in a hit-run accident in Raritan township, Middlesex County, New Jersey. There was proof in the case that the car in the accident was owned by the defendant, Frain. Frain testified that his car had been taken by someone unknown to him without his permission; that he had spent the evening in Jersey City, and that he had not been in the neighborhood of Raritan township (some 25 miles or more away from Jersey City) that evening. On rebuttal, however, the plaintiff produced two witnesses who identified Frain as being in Raritan township on the night of the accident and in fact being near the very highway upon which the accident occurred. The court held in view of this testimony conflicting with the testimony of defendant Frain, that Frain was not entitled to a directed verdict and the matter should be submitted to the jury.

In this respect counsel for plaintiff says the court erred, for in that type of case the presumption is one of law, while in the present case the finding of defendant hanging halfway out the left hand door created a presumption or inference of fact.

However, Justice Perskie, speaking for the New Jersey Court of Errors and Appeals (1937) in Efstathopoulos v. Federal Tea Co., 119 N.J.L. 408, 411, 196 A. 470, 472, said:

"We have held time and again that defendant's ownership of an automobile driven upon a public highway, as it was driven here, raises a presumption of fact that such automobile was in the possession of the defendant, if not personally, then through its servant the driver, and that such driver was acting within the scope of his employment; and that both or either of these presumptions may be overcome only by un-

contradicted proof to the contrary, but that if the evidence is contradictory or reasonably subject to contradictory interpretations, the question of liability is for the jury." (Italics ours)

Does this not place our present case in the same position or at the very least, does this not demonstrate the incorrectness of counsel's argument in this respect?

 Counsel for the plaintiff argues that because the court held that a nonsuit should not be allowed at the close of plaintiff's case, it must follow that the court should not have dismissed at the conclusion of the entire case. This does not necessarily follow for the court may have been wrong in the first instance, and as the scribes say "two wrongs do not make a right." To guide us to a proper conclusion today, the rule is as stated by Justice Perskie for the New Jersey Court of Errors and Appeals, in Dobrow v. Hertz, 12 N.J.L. 347, 348, 15 A.2d 749, 750:

"The applicable law is settled. In passing upon a motion to direct a verdict, just as in passing upon a motion for a non suit, the evidence will not be weighed. The party against whom the motion is made is entitled to all the evidence in his favor and all the legitimate inferences to be drawn therefrom treated as true. When fair minded men may honestly differ as to the conclusion to be reached from that evidence, controverted or uncontroverted, the case must be submitted to the jury."

And further:

"A verdict may be directed in favor of one party only when the evidence, together with the legitimate inferences to be drawn therefrom is such that no view which the jury might lawfully take of it favorable to the other party would be sustained."

Therefore, the questions presently before the court as it sees them are: First, does the finding of the defendant hanging halfway out the door on the driver's side of the automobile after a violent collision, overcome the presumption that it was being driven by the owner (Mrs. Flemings) who was found hanging halfway out the door on the right hand side of the car? And second, if it does, does it disappear in the face of the uncontradicted testimony of the defendant that he was not driving at the time of the accident?

 The best rule or yardstick that the court has been able to find is expressed by Justice Sutherland for the United States Supreme Court (1932) in Pennsylvania Railroad Co. v. Chamberlain, 288 U.S. 333, at page 341, 53 S.Ct. 391, at page 394, 77 L.Ed. 819:

"And the desired inference is precluded for the further reason that the respondent's right of recovery depends upon the existence of a particular fact which must be inferred from proven facts, and this is not permissible in the face of the positive and otherwise uncontradicted testimony of unimpeached witnesses consistent with the facts actually proved, from which testimony it affirmatively appears that the fact sought to be inferred did not exist."

And further 288 U.S. at page 341, 53 S. Ct. at page 394, 77 L.Ed. 819:

"A rebuttable inference of fact, as said by the court in the Wabash Railroad Case, 'must necessarily yield to credible evidence of the actual occurrence.' And, as stated by the court in George v. Missouri Pac. R. Co., 'It is well settled that, where the plaintiff's case is based upon an inference or inferences, that the case must fail upon proof of undisputed facts inconsistent with such inferences.'"

And further 288 U.S. at page 343, 53 S. Ct. at page 395, 77 L.Ed. 819:

"The rule is settled for the federal courts, and for many of the state courts, that whenever in the trial of a civil case the evidence is clearly such that if a verdict were rendered for one of the parties the other would be entitled to a new trial, it is the duty of the judge to direct the jury to find according to the views of the court. Such a practice, this court has said, not only saves time and expense, but 'gives scientific certainty to the law in its application to the facts and promotes the ends of justice.' * * * The scintilla rule has been definitely and repeatedly rejected so far as the federal courts are concerned."

 This court, therefore, feels that in the present case, under all the proofs as submitted, that to allow the jury to deliberate in the matter would be to allow it to

448

engage in speculation and conjecture as to whether defendant was driving the car. The burden was and is upon the plaintiff and he has not, in the opinion of the court, carried such burden sufficiently to go to the jury.

It is the present mind of the court that if the case had been allowed to go to the jury and the jury had returned a verdict in favor of the plaintiff, the court would feel obliged to set the verdict aside.

The application for a new trial, therefore, will be denied. Prepare an order.