**MONTROSE v. NELSON.**

No. 9805.

United States Court of Appeals
Third Circuit.

Argued June 7, 1949.

Decided June 28, 1949.

Maurice A. Cohen, Bayonne, N. J., for appellant.

Sidney P. McCord, Jr., Camden, N. J. (Starr, Summerill & Davis, Joseph J. Summerill, Jr., Camden, N. J., on the brief), for appellee.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

This is a wrongful death action brought by the plaintiff, a citizen of New York, against the defendant, a citizen of New Jersey, who is alleged to have been the driver of the automobile in which plaintiff's decedent was a passenger at the time of the accident which caused his death. The sole issue presented by this appeal concerns the identity of the driver of the car at the time of the accident. At the close of the defendant's case, the Trial Judge granted defendant's motion for a directed verdict on the ground that the plaintiff had failed to produce evidence which would have entitled the jury to find that defendant was driving the car when the collision occurred. Plaintiff appeals.

The automobile in which the plaintiff's decedent was a passenger ran into the rear of a tractor-trailer truck traveling in the same direction on an open highway in Virginia.[1] Immediately following the collision, the driver of the truck walked back to the automobile. He testified that he found the defendant on the left front seat of the car, his body partially outside the left front door. He testified also that he found Mrs. Fleming, the owner of the car, on the right front seat with her body partially outside the right front door and her foot caught under the heater on the right hand side of the car. The steering wheel of the car was bent. Defendant sustained several fractured ribs and other injuries to his right side above the waist. Mrs. Fleming died as a result of her injuries.

These facts are not disputed. It is also established by defendant's own tes-

---

[1] If the case presented questions involving tort law to be applied, the New Jersey conflict of laws rules on the subject would control. But no such questions are presented here. Nor does the case, as we view it, raise the often difficult question of when a federal rule is to be applied by a federal court as procedural only, and when the court should look to state law.

timony that he was driving the car until shortly before the accident. At the trial he testified that he was not driving the car at the time of the accident, but that he had turned the wheel over to Mrs. Fleming some time before the collision, and had himself fallen asleep on the right front seat.[2] The basis of the Trial Court's ruling was that the position of the defendant on the left front seat following the collision created a "legal presumption" which was, as a matter of law, overcome by the direct testimony of the defendant that he was not driving.[3] In this the learned District Judge was clearly wrong.[4]

 The defendant's testimony was evidence which if believed might convince the jury that he was not the driver of the car. The position of defendant in the driver's seat following the accident and also that of the owner, Mrs. Fleming, constituted evidence from which the jury might have inferred that defendant was the driver of the car when the crash occurred. The nature and location of his injuries in connection with the bent steering wheel and his testimony as to his position in the car were proper matters for the jury to consider in determining where the defendant was at the time of the collision. The credibility of the defendant as a witness was also a matter for the jury. In short, the evidence on the identity of the driver was in conflict, and the issue was one of fact to be decided by the trier of fact.[5] The Trial Judge should not have withdrawn it from the consideration of the jury. Neither he nor we can say that, as a matter of law, the testimony of the defendant is to be accepted and the inference to be drawn from the circumstantial evidence rejected.

The judgment of the District Court will be reversed and the case remanded for proceedings not inconsistent with this opinion.

---

[2] Plaintiff makes the point that defendant's testimony was inconsistent with defendant's previous statement given to Army investigators shortly after the accident. At the earlier date, defendant said he could not remember whether or not he had turned the wheel over to Mrs. Fleming before the accident. At the trial he said he did remember. The two statements may be considered by the jury in appraising the credibility of the witness.

[3] The Trial Judge said: "Now, carrying it a step further, gentlemen, it seems to me that I am not quite certain from a legal standpoint, exactly what the evidence of finding him on the left hand side of the car. is. Whether that is a circumstance which in itself creates a legal presumption or what but, I think, the best that it could be would be in the nature of creating a legal presumption, somewhat similar to our legal presumptions in New Jersey of a car being involved in an accident, is presumed to be driven by the owner or by the agent, servant or employee on his business. Now, we have any number of cases * * * all to the effect that when there is any testimony— direct testimony that is uncontradicted— that the driver was not on the business of the .owner, the presumption is overcome, and the court has to direct a verdict."

[4] New Jersey courts say, when suit is brought against a car owner for injuries sustained in its operation, that there is a presumption that the owner, or his agent on the owner's business, was driving the car. But this presumption operates only in the absence of evidence. Uncontradicted evidence rebutting the presumption is said to overcome it. Paul v. Flannery, 1942, 128 N.J.L. 438, 26 A. 2d 553; Dooley v. Saunders U-Drive Co., 1932, 109 N.J.L. 295, 162 A. 556. We think that the presumption is irrelevant to this case.

[5] See Hargrave v. Stockloss, 1941, 127 N.J.L. 262, 21 A.2d 820 (circumstantial evidence that defendant's car struck plaintiff supported verdict for plaintiff over denial of defendant and his passenger that the car had struck anyone); Katz v. Cohn, 1936, 121 Conn. 545, 186 A. 494 (fact that defendant was in driver's seat following accident supported verdict for plaintiff over testimony of defendant and other occupant of car that she, not defendant, was driving). See also The Rocona v. Guy F. Atkinson Co., 9 Cir., 1949, 173 F.2d 661, 665.