## JAMES E. GAUL *v.* LAERTES F. NOIVA

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 2—decided June 13, 1967

*Francis J. Pavetti* and *Max M. Shapiro,* for the appellant (plaintiff).

*Allyn L. Brown, Jr.,* with whom was *Andrew G. Schrader,* for the appellee (defendant).

KING, C. J. At about 9 o'clock in the morning of August 3, 1959, the plaintiff and the defendant were the sole occupants of an automobile which was being operated southerly on route 12 from Norwich toward Groton. Although the day was clear and sunny and the road was dry and in good condition, the car, which was only about a year old, left the southbound lane, continued off the east (its left) side of the road, traveled down a five- or six-foot embankment and for a distance of about 150 feet over rough terrain, struck a tree, and burst into flames. The car was a total wreck. In this action, the plaintiff sued the defendant for damages for personal injuries sustained in the accident.

At the trial a highly controverted issue was whether the defendant, who was the owner of the car, or the plaintiff himself, was its operator at the time of the accident. Of course the plaintiff had the ultimate burden of proof, that is, the risk of nonpersuasion, that the defendant was the operator. The plaintiff had a verdict which the court afterwards set aside on three grounds. From that decision the plaintiff took this appeal. The memorandum of decision indicates that the main ground for setting aside the verdict was that the court decided that it had erred in the portion of its charge relating to proof of the identity of the operator of the car at the time of the accident.

The court in effect charged that upon proof of ownership of a motor vehicle a "rebuttable presumption" arises that the owner was the operator. Nowhere did the court explain, as applied to the facts of this case or even generally, the meaning

of the term "rebuttable presumption" or its effect on the burden of proof or on the burden of going forward with the evidence.

As brought out in *O'Dea* v. *Amodeo,* 118 Conn. 58, 64, 170 A. 486, the terms "presumption" and "rebuttable presumption" have various meanings, depending upon the sense in which the terms are used. See McCormick, Evidence § 308, p. 639. The charge was inadequate in the respects noted, and, since its effect on the jury cannot be known, it constituted material error. This was true even though the setting aside of a verdict by the trial judge for an error in his instructions to the jury is a power which should be exercised by him with great caution, and never unless he is entirely satisfied that his error is unmistakable and must have been unquestionably harmful. *Brunetto* v. *Royal Exchange Assurance Co.,* 126 Conn. 569, 572, 13 A.2d 138; *Jackiewicz* v. *United Illuminating Co.,* 106 Conn. 310, 311, 138 A. 151.

While this determination is dispositive of this appeal, adversely to the plaintiff, since there must be a new trial in which the problem of proof of the identity of the operator will again arise, we think it desirable, if not essential, that we briefly discuss it.

The identity of the operator of a motor vehicle, like almost any other fact, may be proved by circumstantial evidence, and this is true whether the operator was or was not the owner of the vehicle. *Montrose* v. *Nelson,* 175 F.2d 1021, 1022 & n.3 (3d Cir.); *Katz* v. *Cohn,* 121 Conn. 545, 546, 186 A. 494; *Reetz* v. *Mansfield,* 119 Conn. 563, 567, 178 A. 53; *Smith* v. *Firestone Tire & Rubber Co.,* 119 Conn. 483, 485, 177 A. 524; *Shaughnessy* v. *Morrison,* 116 Conn. 661, 664, 165 A. 553; *Perrelli* v.

*Savas,* 115 Conn. 42, 44, 160 A. 311; *Collette* v. *Mosqus,* 295 Mass. 576, 580, 4 N.E.2d 336; 1 Wigmore, Evidence (3d Ed.) § 150a, p. 595; see *Craig* v. *Dunleavy,* 154 Conn. 100, 103, 221 A.2d 855; see also cases such as *International Brotherhood* v. *Commission on Civil Rights,* 140 Conn. 537, 546, 102 A.2d 366 (identity of a party to a telephone conversation).

For reasons hereinafter set forth, we think that on the retrial of this particular case the issue of the identity of the operator may in all probability be submitted to the jury as a question of fact, involving the weight or persuasive force of the evidence offered by each party, direct and circumstantial, relevant to the controverted issue, and that no gain would come from complicating the charge by a reference to any presumption. 9 Wigmore, op. cit. § 2491.

At the outset, it is important to bear in mind that we are not here concerned with the more usual case involving the civil liability of an owner of a car for its operation by another, as in cases such, for instance, as *Scalora* v. *Shaughnessy,* 151 Conn. 252, 257, 196 A.2d 763. Under Connecticut law, such an issue would involve the effect of our agency statutes, that is, our family car statute (§ 52-182) or our general agency statute (§ 52-183), each of which expressly creates a presumption based on ownership. *Koops* v. *Gregg,* 130 Conn. 185, 187, 32 A.2d 653; *Leitzes* v. *F. L. Caulkins Auto Co.,* 123 Conn. 459, 463, 196 A. 145; *O'Dea* v. *Amodeo,* 118 Conn. 58, 64, 170 A. 486; see 8 Am. Jur. 2d 458, Automobiles and Highway Traffic, § 911. Here, there was no issue of agency or liability of the owner for the acts of another as operator. See note, 32 A.L.R.2d 988, 989 n.1; 9 Wigmore,

op. cit. § 2510a (2), p. 399; McCormick, Evidence § 309, p. 642. Neither of our agency statutes would be relevant. *Montrose* v. *Nelson,* supra. The vital issue was whether the plaintiff had sustained his burden of proving the simple fact that, of the two occupants of the car, the defendant-owner was the operator at the time of the accident.[1] See 8 Am. Jur. 2d 458, Automobiles and Highway Traffic, § 910. Unless the plaintiff sustained this burden, recovery by him would obviously be impossible.

Although we cannot forecast, with complete certainty, just what evidence either side will produce on the retrial, relevant to the issue as to which party was the operator, certain of the plaintiff's evidence was apparently undisputed, and the plaintiff also offered evidence of a claimed admission of the defendant that he was the operator of the car. *Sears* v. *Curtis,* 147 Conn. 311, 315, 160 A.2d 742. All this evidence, in all probability, will again be available, and be offered, on the retrial.

The defendant's ownership of the car was not admitted in the answer, but it had been only inferentially alleged in the complaint. There seems, however, to have been no real dispute that the defendant himself, as an individual, owned the car. Thus, he himself could have been the actual operator, which would not have been the case, for instance, if the owner had been a corporation.

There also seems to have been no real dispute

---

[1] Quite properly there is no claim of the applicability to a civil action of § 14-107 of the General Statutes (Rev. to 1966), which provides that "proof of the registration number of any motor vehicle . . . concerned [in the claimed violation of certain enumerated criminal statutes relating to the operation of motor vehicles] shall be prima facie evidence in any criminal action that the owner was the operator thereof".

that the defendant was himself an occupant of the car at the time of the accident.

The defendant admittedly had operated his car during much of the time, and the plaintiff offered evidence that the defendant had operated the car during all of the time, in which the plaintiff and the defendant had been in the car together. From this evidence the jury could reasonably infer that the defendant was generally competent to operate the car and, so, could in fact have been the operator.

Thus, there was sufficient evidence offered by the plaintiff from which the jury could reasonably infer that the defendant-owner was, more probably than not, the operator. This would suffice to make out a prima facie case, that is, it would require the submission of the case to the jury as against a motion for a nonsuit, at least as far as the issue of the defendant's identity as the operator was concerned. *Clark* v. *Connecticut Co.,* 132 Conn. 400, 402, 44 A.2d 706; *Pignatario* v. *Meyers,* 100 Conn. 234, 238, 123 A. 263; *Stevens* v. *Kelley,* 66 Conn. 570, 578, 34 A. 502. It thus becomes unnecessary to determine whether any common-law presumption of operation of the car could be held to arise from the single fact of the defendant's ownership of the car.

Whether the plaintiff's evidence, although warranting an inference of operation by the defendant, would reasonably warrant an ultimate conclusion by the jury of such operation by the owner, would depend upon the persuasive force which the jury reasonably accorded to evidence of other facts and circumstances, if any, bearing on the question whether the owner was the operator. *Clark* v. *Connecticut Co.,* supra, 403; *Reetz* v. *Mansfield,* 119 Conn. 563, 567, 178 A. 53; 9 Wigmore, Evidence (3d Ed.) § 2491 (1); 1 Wigmore, op. cit. § 150a,

p. 595. The defendant offered evidence tending to prove that at the time of the accident the plaintiff himself was the operator. The persuasive force of this evidence, including any inferences reasonably to be drawn from it, was a matter for determination by the jury.

Circumstantial evidence is adequate proof of a fact if the inference to be drawn from the circumstantial evidence, in the light of any other relevant evidence, is strong enough so that the trier may reasonably find that it is more probable than not that the fact to be inferred is true. *Badela* v. *Karpowich,* 152 Conn. 360, 363, 206 A.2d 838; *Facey* v. *Merkle,* 146 Conn. 129, 135, 148 A.2d 261; *Hennessy* v. *Hennessy,* 145 Conn. 211, 214, 140 A.2d 473.

In this case, each party was entitled to introduce evidence, direct[2] and circumstantial and of course including evidence of physical facts, relevant to the identity of the operator, and it was for the jury to determine whether the plaintiff, in the light of all of the evidence, direct and circumstantial, bearing on the question, sustained his burden of proving that the defendant was, more probably than not, the actual operator of the car at the time in question.

Evidence that the defendant attempted to flee from the scene was admissible for what it was worth as an admission, by conduct, of consciousness of liability. *Stratton* v. *Nichols,* 20 Conn. 327, 330; Holden & Daly, Connecticut Evidence § 102b, p. 478. Its weight, but not its admissibility, might be affected by the mental condition of the defend-

---

[2] Technically, the plaintiff's evidence as to the admission by the defendant that he was the operator of the car was, under Connecticut nomenclature, circumstantial rather than direct evidence. *Perrelli* v. *Savas,* 115 Conn. 42, 44, 160 A. 311.

ant at the time, whether because the car was in flames or because of injuries sustained in the accident or because of intoxicating liquor consumed prior to the accident. There was, however, no error in the admission of this evidence.

Since there must be a new trial, there is no need to consider the plaintiff's other claims of error in the court's action in setting aside the verdict.

There is no error.

In this opinion the other judges concurred.